■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS ATKINSON, Appellant.—Judgment, Supreme Court, New York County (Luis Neco, J.), rendered September 16, 1986, convicting defendant after a jury trial of criminal possession of stolen property in the second degree, and sentencing him to an indeterminate term of imprisonment of two to four years, unanimously affirmed.

Defendant's motion to dismiss on speedy trial grounds was properly denied. The reconstructed minutes reveal that the time the People used to produce the grand jury minutes was excludable. (CPL 30.30 [4] [a]; *People v Worley,* 66 NY2d 523, 527.) The two additional periods that defendant now challenges were properly marked excludable as adjournments to which the defense consented. (CPL 30.30 [4] [b]; *People v Carney,* 58 NY2d 51.)

Defendant's various challenges to trial court rulings are equally unpersuasive. The trial court did not reach the merits of defendant's *Sandoval* motion until after the prosecution rested, but defendant makes no showing of any prejudice. Nor did the trial court abuse its discretion when it ruled that defendant could be cross-examined about some of his past convictions. *(People v Rahman,* 62 AD2d 968, 969, *affd* 46 NY2d 882.)* We note, however, that the general and preferable procedure is for a trial court to rule on the *Sandoval* issues before trial. *(People v Sandoval,* 34 NY2d 371, 375.)

Defendant's current objection to the Court's "no adverse inference" charge has not been preserved, and were we to reach the argument in the interest of justice, we would nevertheless affirm, since the language of the charge did not weaken the privilege against self-incrimination. *(People v Autry,* 75 NY2d 836, 839; *People v Rivera,* 160 AD2d 419, *lv denied* 76 NY2d 795.)* Testimony by the arresting officer that he spoke to a person before approaching the sleeping victim and defendant was not hearsay, as neither the exact words nor the substance of the conversation with the absent informant was admitted into evidence. Such evidence was necessary so that the jury would understand the sequence of events.

We also find no basis to reduce defendant's conviction to criminal possession in the fifth degree and to reduce his sentence. *People v Behlog* (74 NY2d 237) which was decided before the ameliorative changes in the law defining criminal possession of stolen property is not applicable to the facts of this case. Concur—Sullivan, J. P., Ross, Kassal, Smith and Rubin, JJ.