■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDREW BUSH, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant, who was 29 years old, was con-

victed of raping and sodomizing a 15-year-old girl who is emotionally, physically and educationally handicapped. The incident took place in the back seat of an automobile owned by defendant's mother after defendant had picked up the girl as she was walking to a friend's house. When the young girl went home, she told her mother what had happened and was taken to the hospital. She gave the police a comprehensive description of the perpetrator as well as the automobile in which the rape occurred. The police prepared a composite sketch of the assailant and showed it around the neighborhood. Defendant appeared at police headquarters and wanted to know why they were looking for him. He then gave a written statement in which he admitted meeting the girl and talking with her, but denied raping her. The victim identified defendant as the man who had raped and sodomized her, and also identified the automobile.

On appeal, defendant contends that Supreme Court erred when it changed its *Sandoval* ruling at a bench conference conducted in his absence after his direct examination had been completed. At the *Sandoval* hearing conducted prior to trial, the court noted that defendant had previously been convicted of three violations: disorderly conduct in 1979, trespass in 1983 and disorderly conduct in 1983. The court ruled that the People could elicit from defendant the "fact that he was previously convicted of three violations" but could not get into "the underlying facts". At the bench conference, the District Attorney requested that the court clarify its *Sandoval* ruling. The court noted on the record that the People could mention "the names of the violations". In our view, that was a mere clarification of the court's earlier ruling and not an impermissible change in the court's prior ruling *(cf., People v Powe,* 146 AD2d 718, 719, *lv denied* 73 NY2d 1020). Defendant's presence was not required at the bench conference as it "involved only questions of law or procedure" *(see, People v Velasco,* 77 NY2d 469, 472; *see also, People v Rodriguez,* 76 NY2d 918) and had no "relation, reasonably substantial, to the fulness of his opportunity to defend against the charge" *(Snyder v Massachusetts,* 291 US 97, 105-106; *see, People v Dokes,* 79 NY2d 656, 659). (Appeal from Judgment of Supreme Court, Onondaga County, Gorman, J.—Rape, 1st Degree.) Present—Callahan, J. P., Boomer, Pine, Boehm and Doerr, JJ.