■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILFRED ROMAN, Appellant. [607 NYS2d 762] —Judgment unanimously affirmed. Memorandum: We reject the contention of defendant that the court committed reversible error when it changed its *Sandoval* ruling *(see, People v Sandoval,* 34 NY2d 371) just before opening statements. Defendant failed to show that he was prejudiced by the change in the ruling, and thus reversal is not required *(cf., People v Powe,* 146 AD2d 718, 719, *lv denied* 73 NY2d 1020; *see also, People v Bush,* 187 AD2d 951, 952, *lv denied* 81 NY2d 882; *People v Atkinson,* 171 AD2d 430, *lv denied* 78 NY2d 961). We further reject defendant's contention that the proof of physical injury is legally insufficient. Viewing the evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we conclude that the jury reasonably could have inferred that the victim suffered substantial pain as a result of a gunshot wound to his

knee that required surgery and a hospital stay of a week *(see, e.g., People v Rojas,* 61 NY2d 726; *cf., Matter of Philip A.,* 49 NY2d 198, 200). While the court erred in permitting the prosecutor to impeach his witness *(see,* CPL 60.35; *People v Fitzpatrick,* 40 NY2d 44, 51-52; *People v Broadwater,* 116 AD2d 1022), the error was harmless *(see, People v Smith,* 190 AD2d 1022, *lv denied* 81 NY2d 976). Contrary to defendant's contention, the court properly admitted the rifle and ammunition into evidence; there were " 'reasonable assurances of the identity and unchanged condition' of the evidence" *(People v Julian,* 41 NY2d 340, 343, quoting *Amaro v City of New York,* 40 NY2d 30, 35) and thus, any deficiencies in the chain of custody affect the weight of that evidence *(see, People v McGee,* 49 NY2d 48, 60, *cert denied sub nom. Waters v New York,* 446 US 942; *People v Donovan,* 141 AD2d 835, 837, *lv denied* 72 NY2d 1044).

Defendant's remaining arguments on appeal are unpreserved and we decline to reach them in the interest of justice *(see,* CPL 470.15 [6]). (Appeal from Judgment of Onondaga County Court, Mulroy, J.—Assault, 2nd Degree.) Present— Pine, J. P., Balio, Fallon, Doerr and Davis, JJ.