OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed.
 

 While on stakeout in front of a building where drug dealing was suspected, Officer Meehan believed that defendant and his codefendant, Joseph Torres, were "up to no good” when he saw the two men pull up in a car in front of the building, look up and down the street, enter the building briefly, and then drive away. Meehan broadcast a description of the two men to a backup team of officers. When defendant stopped at a red
 
 *984
 
 light, an officer walked to either side of the car and tapped on the window, asking for identification. Torres handed the officer a wallet containing a license and credit cards belonging to Seng Ong, depicted on the license to be an Asian man bearing no resemblance to Torres. Torres explained that he had "just got a wallet from somebody” and planned to sell its contents. He could not tell the officer from whom he had obtained the wallet. Both men agreed to be frisked for weapons and to come to the station house. In Torres’ back pocket were checks bearing Seng’s name. At the precinct, an officer reached Seng, who said that he had been robbed 10 minutes earlier at the building Meehan had under surveillance. Meehan, arriving at the precinct, identified defendant and Torres as the men he saw at the building. An inventory search of defendant’s car revealed a weapon and the same amount of cash Seng said had been stolen from him.
 

 We have previously held, as a matter of law, that interference with a moving vehicle is a seizure requiring, at a minimum, reasonable suspicion
 
 (People v May,
 
 81 NY2d 725), although approach of a parked car may be undertaken for an objective, credible reason
 
 (People v Harrison,
 
 57 NY2d 470, 475-476). Determination whether a seizure occurred here— where the car was neither parked nor moving — requires the fact finder to apply a settled standard: whether a reasonable person would have believed, under the circumstances, that the officer’s conduct was a significant limitation on his or her freedom
 
 (see, People v Bora,
 
 83 NY2d 531). That involves consideration of all the facts — for example, was there a chase; were lights, sirens or a loudspeaker used; was the officer’s gun drawn, was the individual prevented from moving; how many verbal commands were given; what was the content and tone of the commands; how many officers were involved; where did the encounter take place
 
 (id.).
 

 Enough was shown here to create a fact question as to whether a seizure occurred, and the trial court considered the appropriate factors. Defendant’s progress was halted by a stoplight, not the police. The officers approached on foot, displayed badges and asked for identification. No sirens or lights were used to interfere with defendant’s transit; no gun was displayed; and defendant was at no time prevented from departing. Defendant consented to accompany the officers to the precinct, and thus was not forcibly detained. While there may be instances in which approach of a car at a stoplight constitutes a seizure, the courts below, having considered the
 
 *985
 
 relevant factors, found no seizure. We cannot say, as a matter of law, that this determination was wrong.
 

 Even where no forcible seizure occurs, privacy interests may still be implicated. An intrusion that does not rise to a seizure must be predicated on more than a hunch, whim, caprice or idle curiosity
 
 (People v De Bour,
 
 40 NY2d 210, 217). In the case of a car that has been approached but not seized, as we recently noted in
 
 People v Spencer
 
 (84 NY2d 749), the police must possess an articulable basis for requesting information. That is supplied by an objective, credible reason not necessarily indicative of criminality
 
 (see, e.g., People v Hollman,
 
 79 NY2d 181, 187, 194 [defendant’s placement of bag at distance from himself];
 
 People v Harrison,
 
 57 NY2d 470, 475,
 
 supra
 
 [dirty condition of rental car];
 
 People v Moore,
 
 47 NY2d 911,
 
 revg for reasons stated in dissenting opn
 
 62 AD2d 155, 157-160 [bleeding defendant carrying television in pillow case];
 
 People v De Bour,
 
 40 NY2d 210, 220,
 
 supra
 
 [defendant’s crossing of street upon sighting of officers]).
 

 The observations of Officer Meehan that prompted him to alert the backup officers about defendant — the nature of the area and the conduct of defendant and Torres — met the minimum requirement. Initial questioning, limited to a request for identification, was consistent with a request for information, which involves basic, nonthreatening questions regarding, for instance, identity, address or destination
 
 (People v Hollman,
 
 79 NY2d, at 185, 191). When Torres produced identification clearly not his own, unable to provide a plausible explanation for his possession of it, Torres and defendant consented to accompany the officers to the precinct. Once Seng reported he had just been robbed, and where, the police possessed probable cause for defendant’s arrest. Where the determination of the lower court is supported by the record, it is not to be set aside
 
 (People v Harrison,
 
 57 NY2d, at 479).
 

 Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith, Levine and Ciparick concur.
 

 Order affirmed in a memorandum.