■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v WILLIE GRADY and JOHNNY GRAY, Respondents. [708 NYS2d 765] —Order unanimously reversed on the law, motion denied and matter remitted to Monroe County Court for further proceedings on the indictment. Memorandum: In this narcotics prosecution, the People appeal from an order of County Court granting defendants' motion for suppression of the drugs as seized in violation of the Fourth Amendment. The motion to suppress should have been denied. The approach of occupants of a stopped or parked vehicle to request information is analyzed under the first tier of the *De Bour* hierarchy (*see, People v De Bour,* 40 NY2d 210, 222-223) and need only be justified by an "articulable basis," meaning an "objective, credible reason not necessarily indicative of criminality" (*People v Ocasio,* 85 NY2d 982, 985; *see, People v Harrison,* 57 NY2d 470, 475; *see also, People v Hollman,* 79 NY2d 181, 184; *People v De Bour, supra,* at 213, 223). All that is required is that the intrusion be "predicated on more than a hunch, whim, caprice or idle curiosity" (*People v Ocasio, supra,* at 985, citing *People v De Bour, supra,* at 217). Here, one of the officers previously had arrested defendant Johnny Gray and recalled that Gray's license had been revoked. The officers saw Gray sitting in the driver's seat of the parked but running vehicle and thus had an objective, credible reason for approaching defendants to request information (*see, People v Ocasio, supra,* at 985; *People v Irizarry,* 79 NY2d 890, 892; *People v Harrison, supra,* at 475). Only seconds into the encounter, the officers acquired probable cause to arrest defendants based upon one officer's observation of bags of cocaine in plain view on the floor of the vehicle (*see, People v Blasich,* 73 NY2d 673, 677; *People v Langen,* 60 NY2d 170, 180, *cert denied* 465 US 1028; *People v Landy,* 59 NY2d 369, 376-377). (Appeal from Order of Monroe County Court, Gerace, Jr., J.—Suppression.) Present—Pine, J. P., Hayes, Scudder and Kehoe, JJ.