(July 20, 2000)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAWLE MCINTOSH, Appellant. [711 NYS2d 547] —Mugglin, J. Appeal from a judgment of the Supreme Court (Lamont, J.), rendered January 16, 1998 in Albany County, convicting defendant upon his plea of guilty of the crimes of criminal possession of a controlled substance in the second degree and criminal possession of a controlled substance in the third degree.

As the result of his plea of guilty to both counts of the indictment, defendant was sentenced as a second felony offender to concurrent prison sentences of 8½ years to life and 8½ to 17 years. On this appeal, defendant challenges the propriety of County Court's refusal to grant his suppression motion with respect to physical evidence seized, the refusal of Supreme Court to accept his proffered *Alford* plea and the effective assistance of assigned counsel.

On January 23, 1997, members of the Albany County Sheriff's Department, in conjunction with members of other law enforcement entities, were conducting contraband interdiction at the City of Albany bus terminal. At approximately 3:30 A.M., Investigator Eugene Duda, in the company of two other officers, boarded a bus which had just arrived from New York City, a known source city for narcotic drugs. While moving to the rear of the bus, Duda announced their purpose and

requested the production of identification and bus tickets. Defendant and his companion, Irene Snipes, were seated in the last row of seats.

Duda claimed that as he approached, he observed Snipes push down on a black object situated between her and defendant. According to Duda, during a request for the production of identification and bus tickets, defendant and Snipes, without being asked, volunteered that Duda could search their bag in the overhead bin and he discovered a digital scale of the type commonly used to weigh and measure narcotic drugs. After asking defendant and Snipes to stand, Duda observed two jackets. Duda testified that defendant granted consent to a search of his black down winter jacket in which Duda discovered a quantity of cocaine in excess of two ounces. In seeking suppression of the physical evidence seized by Duda, defendant asserted that Duda did not have any articulable basis for approaching him nor a founded suspicion that criminality was afoot in relation to defendant nor any legal basis for requesting to search the bag or defendant's jacket. As a result, defendant argues that denial of the suppression motion was erroneous.

We affirm. Our analysis begins with the observation that the suppression court's resolution of issues of credibility are entitled to great deference and its factual findings are not to be disregarded unless plainly unjustified or clearly erroneous (*see, People v Tempton,* 192 AD2d 369, *lv denied* 82 NY2d 760). We next observe that at the suppression hearing, the attempt by Snipes or defendant to conceal a black object and the consent of defendant to search his bag and jacket were largely uncontested. Moreover, unlike the search in *People v Bailey* (204 AD2d 751) relied on by defendant in his *pro se* brief, here the search of the bag was not done after the police requested it but was done after defendant voluntarily offered to allow Duda to search it, and after the officer observed an attempt to conceal something.

Next, we address the arguments which are central to defendant's claim that County Court erred in not suppressing the physical evidence and to his claim of ineffective assistance of counsel at the suppression hearing. In analyzing the four levels of police/citizen encounters set forth in *People v De Bour* (40 NY2d 210), County Court found that the first level allowing the police to approach individuals to ask questions relating to identity, destination and reason for a person's presence was satisfied by the articulable reason that the officers were conducting drug interdiction on a commercial passenger bus traveling from New York City, a known source city for narcotic

drugs. County Court further reasoned that the second level of inquiry was justified by defendant's attempts to conceal something, the peculiar behavior exhibited by defendant and Snipes and the discovery of the digital scale after the volunteered search of the bag provided the officer with reasonable suspicion that criminality was afoot. County Court thereafter found that Duda was within the confines of the Constitution when he asked defendant and Snipes to stand and that the third and fourth levels of the *De Bour* decision were satisfied when, after the consensual search of the jacket, he discovered the cocaine, which provided probable cause to believe that defendant had committed a crime.

Essentially, defendant attacks this analysis at the second level, claiming there was no basis to believe that criminality was afoot. Specifically, he points to two claimed inconsistencies in Duda's testimony between the testimony he gave at the preliminary hearing and that which he gave at the suppression hearing. First, defendant correctly points out that at the preliminary hearing, Duda testified that he and Snipes produced bus tickets revealing Syracuse to be their destination. Defendant claims that Duda's testimony at the suppression hearing was not consistent with this testimony. Rather than revealing an inconsistency, however, a reading of these minutes reveals that on direct examination, Duda was not asked at the suppression hearing, as he was at the preliminary hearing, whether defendant produced a ticket. Moreover, when this subject was revisited on cross-examination, Duda did testify that defendant produced a ticket.

The other claimed inconsistency that defendant relies on to argue that County Court's factual determinations were flawed is that Duda did not testify at the preliminary hearing that he saw defendant or Snipes attempt to conceal something. Again, the record reveals that Duda was not asked at the preliminary hearing what, if anything, he observed while approaching defendant and Snipes on the bus. The fact that Duda was asked additional questions at the suppression hearing is not surprising since the scope of the two hearings is entirely different, issues of suppression of evidence not being germane at the preliminary hearing. Moreover, our review of the record reveals that the suppression court did not err in its *De Bour* analysis (*see, People v Hollman*, 79 NY2d 181).

As a result, defendant's claim of ineffective assistance of counsel, for not cross-examining with respect to these alleged inconsistencies, is without merit. Moreover, a review of the transcript of the suppression hearing reveals that defense

counsel had the minutes of the preliminary hearing and used them in cross-examining Duda. There is simply no record support for defendant's contention that counsel failed to properly prepare for the suppression hearing or that he failed to adequately cross-examine Duda.

We have considered the balance of defendant's contentions, including his claim that Supreme Court abused its discretion in denying defendant the right to enter an *Alford* plea (*see, North Carolina v Alford*, 400 US 25), and find them to be equally unpersuasive.

Crew III, J. P., Peters, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.