THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRY C. STEBBINS, Appellant. [718 NYS2d 531] —Judgment unanimously affirmed. Memorandum: County Court properly denied defendant's suppression motion. At approximately 2:00 A.M., two police officers observed defendant, who was noticeably intoxicated, exit a bar, stagger toward and "flop" into his vehicle, drive less than a block, and then park in the parking lot of a closed business. "The approach of occupants of a stopped or parked vehicle to request information is analyzed under the first tier of the *De Bour* hierarchy (*see, People v De Bour,* 40 NY2d 210, 222-223) and need only be justified by an 'articulable basis,' meaning an 'objective, credible reason not necessarily indicative of criminality' " (*People v Grady,* 272 AD2d 952, quoting *People v Ocasio,* 85 NY2d 982, 985). The police properly approached defendant to ask why he was in the parking lot of a closed business at that hour (*see, People v Hollman,* 79 NY2d 181, 191-192; *People v Powell,* 246 AD2d 366, 368, *appeal dismissed* 92 NY2d 886). As they approached defendant, however, he exited his vehicle, and when one of the officers called out to defendant to remain by his vehicle, defendant reached toward the dashboard of the vehicle. An officer who

believed that defendant might be reaching for a gun directed defendant to remove his arm from the vehicle. Based on their observations of defendant's intoxicated state and peculiar behavior (*see, People v McIntosh,* 274 AD2d 740, *lv granted* 95 NY2d 891; *see also, People v Cancer,* 249 AD2d 696, 697-698, *lv denied* 91 NY2d 1005), the officers had reasonable suspicion to believe that criminal activity was afoot (*see, People v De Bour, supra,* at 223), thus justifying their detention of defendant. (Appeal from Judgment of Chautauqua County Court, Ward, J.—Felony Driving While Intoxicated.) Present—Wisner, J. P., Hurlbutt, Scudder and Kehoe, JJ.