■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TREMAINE COLEY, Appellant. [731 NYS2d 106] —Judgment unanimously affirmed. Memorandum: On appeal from a judgment convicting him of attempted robbery in the first degree (Penal Law §§ 110.00, 160.15 [4]), the sole contention of defendant is that his statements should have been suppressed as the product of an unlawful vehicle "stop," in violation of his Fourth Amendment rights. Supreme Court granted that part of defendant's motion seeking suppression of the tangible evidence seized but refused to suppress defendant's statements, concluding that the statements were sufficiently attenuated from the illegal "stop" of the vehicle. We agree with the People that the court erred in finding any Fourth Amendment violation leading to defendant's arrest because the tangible evidence was observed by police in plain view after they lawfully approached the nonmoving vehicle in which defendant was an occupant. Thus, we conclude that the court properly refused to suppress defendant's statements.

In order to approach the occupants of a nonmoving vehicle to request information, police must demonstrate an "articulable basis" for the approach, meaning an "objective, credible reason not necessarily indicative of criminality" (*People v Ocasio,* 85 NY2d 982, 985; *see, People v Valerio,* 274 AD2d 950, *affd* 95 NY2d 924, *cert denied* 532 US 981, 121 S Ct 1623; *People v Harrison,* 57 NY2d 470, 475; *People v Stebbins,* 278 AD2d 942, *lv denied* 96 NY2d 807; *People v Grady,* 272 AD2d 952, *lv denied* 95 NY2d 905). Here, the arresting officers had a proper basis for approaching the suspects in order to request

information. The arresting officers had obtained signed inculpatory statements from other individuals to the effect that the house at 269 Sixth Street, where the suspects' vehicle had just been observed, had been used previously to plan robberies of fast food restaurants and divide up robbery proceeds. Upon lawfully approaching the vehicle and detecting a furtive movement by defendant, a passenger therein, the officers were entitled to look into the vehicle from the outside (*see, People v Edwards,* 222 AD2d 603, *lv denied* 88 NY2d 984; *People v Williams,* 167 AD2d 236, *lv denied* 77 NY2d 883; *People v Scott,* 166 AD2d 919, *lv denied* 77 NY2d 911). Upon observing the barrel of a gun on the floor between defendant's legs, the officers had probable cause to arrest defendant (*see, People v Blasich,* 73 NY2d 673, 677; *People v Langen,* 60 NY2d 170, 180, *cert denied* 465 US 1028; *People v Landy,* 59 NY2d 369, 376), and thus he is not entitled to suppression of his subsequent statements. (Appeal from Judgment of Supreme Court, Monroe County, Cornelius, J.—Attempted Robbery, 1st Degree.) Present—Green, J. P., Hurlbutt, Scudder, Kehoe and Gorski, JJ.