■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CECIL JONES, Appellant. [830 NYS2d 50]—

Judgment, Supreme Court, New York County (Budd G. Goodman, J., at hearing; Joan C. Sudolnik, J., at jury trial and sentence), rendered May 6, 2005, convicting defendant of two counts of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 6½ to 13 years, unanimously affirmed.

The court properly denied defendant's suppression motion. Following an undercover drug purchase, defendant left the scene in a car. The undercover officer's field team received detailed descriptions of defendant, the driver and the car. An officer later noticed a vehicle matching the description and broadcast the location to the rest of the team. When the arresting officer arrived at the location, defendant's car was in a line of cars stopped at a traffic light. As the officer approached on foot, he could see through the window that defendant and the driver fit the descriptions of the individuals involved in the drug sale. Although an hour and a half had transpired since the drug sale, the police had, at the very least, reasonable suspicion to stop and detain defendant for an identification by the undercover officer (*see People v Ocasio*, 85 NY2d 982, 984-985 [1995]). The record fails to support defendant's assertion that the police stopped the car based entirely on the description of the car itself. On the contrary, there is no evidence that the police did anything to interfere with defendant or the car until after they approached and saw that defendant and the driver also met the radioed descriptions.

The verdict was based on legally sufficient evidence, which established defendant's accessorial liability, and defendant's related arguments concerning the court's charge are without merit. Defendant's remaining pro se contentions are unpreserved and we decline to review them in the interest of justice.

Were we to review these claims, we would find no basis for reversal.

We find no basis to disturb the sentence. Concur—Tom, J.P., Andrias, Friedman, Catterson and Kavanagh, JJ.