The People of the State of New York, Respondent, v Juan Ramos, Appellant. [875 NYS2d 714]—

Appeal from a judgment of the Erie County Court (Sheila A. DiTullio, J.), rendered October 17, 2007. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a controlled substance in the fourth degree.

It is hereby ordered that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice and on the law by vacating the DNA databank fee and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of criminal possession of a controlled substance in the fourth degree (Penal Law § 220.09 [1]). We reject the contention of defendant that the police did not have an articulable reason for approaching the parked vehicle in which he was a passenger in order to request information (*see generally People v Hollman*, 79 NY2d 181, 191 [1992]; *People v De Bour*, 40 NY2d 210, 223 [1976]). That vehicle was one of two vehicles parked in the parking lot of a playground that had been the subject of neighborhood complaints concerning individuals selling drugs. We conclude that the totality of the information known to the police prior to entering the parking lot and their observations upon doing so provided an articulable reason for approaching the vehicle in question to request information with respect to the identity of the occupants and their purpose for being in the area (*see People v Hollman*, 79 NY2d 181, 191 [1992]; *People v Wright*, 8 AD3d 304, 306 [2004]).

Defendant failed to preserve for our review his contention that the questioning conducted by the officer following his initial approach of the vehicle exceeded the scope of a request for information (*see generally People v Arguinzoni*, 48 AD3d 1239, 1241 [2008], *lv denied* 10 NY3d 859 [2008]; *People v Evans*, 34 AD3d 1301, 1302 [2006], *lv denied* 8 NY3d 845 [2007]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Defendant also failed to preserve for our review his contention that County Court erred in imposing the $50 DNA databank fee authorized by Penal Law § 60.35 (1) (a) (v). Never-

theless, we exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]; *People v King,* 57 AD3d 1495 [2008]). As the People correctly concede, Penal Law § 60.35 (1) (a) requires that a DNA databank fee be imposed upon an individual "convicted of a designated offense as defined by [Executive Law § 995 (7)]." The amended version of Executive Law § 995 (7) that defines " '[d]esignated offender' " as, inter alia, an individual who had been convicted of and sentenced for "a felony defined in the [P]enal [L]aw" became effective approximately two weeks after defendant committed the crime in question here, and we therefore modify the judgment by vacating the DNA databank fee. Present—Scudder, P.J., Hurlbutt, Peradotto and Gorski, JJ.