■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD CARRASQUILLO, Appellant. [897 NYS2d 581]—

Appeal from a judgment of the Supreme Court, Onondaga County (John J. Brunetti, A.J.), rendered July 28, 2006. The judgment convicted defendant, upon a jury verdict, of attempted arson in the first degree and conspiracy in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of attempted arson in the first degree (Penal Law §§ 110.00, 150.20) and conspiracy in the second degree (§ 105.15). Because defendant did not renew his motion for a trial order of dismissal after presenting evidence, he failed to preserve for our review his contention that the accomplice testimony was not sufficiently corroborated and that his conviction is therefore not supported by legally sufficient evidence (*see People v Hines*, 97 NY2d 56, 61 [2001], *rearg denied* 97 NY2d 678 [2001]). In any event, that contention lacks merit. The corroboration required by CPL 60.22 (1) was provided by the testimony of the girlfriend of one of defendant's accomplices concerning a conversation between defendant and the other accomplices, evidence that defendant's vehicle was used in the crimes and the testimony of a defense witness concerning the attempted arson. "Once the statutory minimum pursuant to CPL 60.22 (1) was met, it was for the jurors to decide whether the corroborating testimony [and evidence] satisfied them that the accomplices were telling the truth" (*People v Pierce*, 303 AD2d 966, 966 [2003], *lv denied* 100 NY2d 565 [2003]). "Defendant's further contention concerning the legal sufficiency of the evidence before the grand jury 'is not reviewable on appeal from an ensuing judgment based upon legally sufficient trial evidence' " (*People v Lee*, 56 AD3d 1250, 1251 [2008], *lv denied* 12 NY3d 818 [2009]; *see* CPL 210.30 [6]). In addition, defense counsel's failure to renew the motion for a trial order of dismissal based on the alleged legal insufficiency of the evidence did not constitute ineffective assistance of counsel because, in view of our determination that the evidence is indeed legally sufficient, defendant has not established that such a motion "would be meritorious upon appellate review" (*People v Bassett*, 55 AD3d 1434, 1438 [2008], *lv denied* 11 NY3d 922 [2009]). Viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490,

495 [1987]). Finally, we conclude that Supreme Court did not improperly change its *Sandoval* ruling during the presentation of defendant's case but, rather, the court merely clarified its prior ruling (*see People v Bush*, 187 AD2d 951 [1992], *lv denied* 81 NY2d 882 [1993]). Present—Scudder, P.J., Sconiers, Green and Gorski, JJ.