# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

705

KA 09-02631

PRESENT: CENTRA, J.P., FAHEY, CARNI, SCONIERS, AND GREEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

MICHAEL D. GANDY, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ROBERT L. KEMP OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (JAHARR S. PRIDGEN OF COUNSEL), FOR RESPONDENT.

-------------------------------------------------------------------------------------------------------------

Appeal from a judgment of the Supreme Court, Erie County (Penny M. Wolfgang, J.), rendered December 22, 2009.  The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, criminal possession of a controlled substance in the fourth degree and unlawful possession of marihuana.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum:  Defendant appeals from a judgment convicting him upon his plea of guilty of, inter alia, criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]).  Supreme Court properly refused to suppress evidence seized from the vehicle in which defendant was a passenger.  We reject defendant's contention that the police illegally stopped the vehicle.  The record of the suppression hearing establishes that the vehicle was parked when the officers approached it in their patrol car and that the patrol car stopped alongside the vehicle and did not block its ability to move forward or backward (*see People v Ocasio*, 85 NY2d 982, 984; *People v Black*, 59 AD3d 1050, *lv denied* 12 NY3d 851).  Further, in view of the prior drug activity that had occurred in the house near where the vehicle was parked and citizen complaints of drug activity in that area, the officers possessed an objective, credible reason to approach the vehicle and ask the occupants "what['s] up?" (*see People v Ramos*, 60 AD3d 1317, *lv denied* 12 NY3d 928; *People v Robinson*, 309 AD2d 1228, *lv denied* 1 NY3d 579; *see generally Ocasio*, 85 NY2d at 984-985).  One of the officers then exited the patrol car and approached the subject vehicle on foot, whereupon he observed a handgun on the floor in between defendant's feet.  Contrary to defendant's further contention, "the court was entitled to credit [the officer's] testimony" at the suppression hearing that he was standing outside of the vehicle when

he made that observation (*People v Washington*, 50 AD3d 1590, 1591), and the court therefore properly determined that the weapon was seized pursuant to the plain view doctrine (*see generally People v Brown*, 96 NY2d 80, 88-89; *People v Stein*, 306 AD2d 943, *lv denied* 100 NY2d 599, 1 NY3d 581).

Entered:  June 10, 2011                          Patricia L. Morgan
                                                Clerk of the Court