SUPREME COURT OF THE STATE OF NEW YORK
*Appellate Division, Fourth Judicial Department*

1218

KA 10-01155

PRESENT: SCUDDER, P.J., CARNI, LINDLEY, SCONIERS, AND GREEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

KEVIN L. DONALDSON, SR., DEFENDANT-APPELLANT.

---

JAMES L. DOWSEY, III, WEST VALLEY (KELIANN M. ELNISKI OF COUNSEL), FOR DEFENDANT-APPELLANT.

LORI PETTIT RIEMAN, DISTRICT ATTORNEY, LITTLE VALLEY (KELLY M. BALCOM OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Cattaraugus County Court (Larry M. Himelein, J.), rendered March 1, 2010. The judgment convicted defendant, upon a jury verdict, of rape in the third degree and endangering the welfare of a child.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of rape in the third degree (Penal Law § 130.25 [2]) and endangering the welfare of a child (§ 260.10 [1]). We reject defendant's contention that County Court erred in admitting in evidence recorded telephone conversations between defendant and the victim. The People established a sufficient foundation to admit the recordings in evidence through the testimony of the victim, who identified the voices and recalled the conversations, and the testimony of the police lieutenant who witnessed the conversation and operated the recording equipment. Both witnesses testified that the recording was accurate and unaltered, and "[t]he People thus established that the offered evidence [was] genuine and that there [had] been no tampering with it" (*People v Myers*, 87 AD3d 826, 828 [internal quotation marks omitted]; *see generally People v Ely*, 68 NY2d 520, 527-528).

Defendant further contends that the evidence is legally insufficient to support the conviction because, inter alia, the People failed to present sufficient evidence to corroborate the victim's testimony. That contention is not preserved for our review inasmuch as defendant made only a general motion for a trial order of dismissal and failed to renew that motion after presenting evidence (*see People v Kolupa*, 13 NY3d 786, 787; *People v Hines*, 97 NY2d 56, 61, *rearg denied* 97 NY2d 678). In any event, defendant's contention lacks merit

(*see generally People v Bleakley*, 69 NY2d 490, 495). There is no requirement of corroboration where, as here, the victim gave sworn testimony (*see People v Lamphier*, 302 AD2d 864, 865, *lv denied* 99 NY2d 656). Contrary to defendant's contention, he was not denied effective assistance of counsel based upon defense counsel's failure to renew that motion "because, in view of our determination that the evidence is indeed legally sufficient, defendant has not established that such a motion 'would be meritorious upon appellate review' " (*People v Carrasquillo*, 71 AD3d 1591, 1591, *lv denied* 15 NY3d 803). Viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495).

Defendant preserved for our review his further contention with respect to only one of the allegedly improper comments made by the prosecutor during summation, and we conclude that the court dispelled any prejudice arising from that comment when it sustained defendant's objection (*see People v Rickard*, 26 AD3d 800, *lv denied* 7 NY3d 762). In any event, we conclude that defendant's contention with respect to the remaining alleged instances of prosecutorial misconduct is without merit. Finally, we reject the contention of defendant that he was denied effective assistance of counsel based on defense counsel's failure to object to those allegedly improper comments inasmuch as they did not constitute prosecutorial misconduct (*see People v Hill*, 82 AD3d 1715, 1716, *lv denied* 17 NY3d 806).

Entered: November 10, 2011                    Patricia L. Morgan
                                               Clerk of the Court