# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**256**

**KA 09-00594**

PRESENT: SMITH, J.P., FAHEY, LINDLEY, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

KENNY MILLS, DEFENDANT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PHILIP ROTHSCHILD OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (VICTORIA M. WHITE OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Onondaga County Court (Anthony F. Aloi, J.), rendered July 21, 2008. The judgment convicted defendant, upon a nonjury verdict, of criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fifth degree and criminal possession of a controlled substance in the seventh degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, following a nonjury trial, of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]) and related offenses. County Court properly denied defendant's motion seeking suppression of physical evidence seized by police officers from his person and his vehicle. Contrary to defendant's contention, the approach of the vehicle by the police officer was "justified by an 'articulable basis,' meaning 'an objective, credible reason not necessarily indicative of criminality' " (*People v Grady*, 272 AD2d 952, *lv denied* 95 NY2d 905, quoting *People v Ocasio*, 85 NY2d 982, 985). The officer observed the vehicle at 2:30 A.M. parked with the engine running in an area known for drug activity and, after checking the records on the license plate, the officer learned that the vehicle was registered to a parolee. He thus had articulable bases for approaching the vehicle and requesting information (*see People v Gandy*, 85 AD3d 1595, *lv denied* 17 NY3d 859; *Grady*, 272 AD2d 952). The officer acquired the requisite probable cause to search defendant and the vehicle when he looked into the vehicle and observed what appeared to be baggies of marihuana in plain view (*see Gandy*, 85 AD3d at 1596; *Grady*, 272 AD2d 952). Contrary to defendant's further contention, minor discrepancies in the suppression hearing testimony of that officer and the backup officer who arrived at the scene do not warrant

disturbing the court's determination (*see People v Weems*, 61 AD3d 472, *lv denied* 13 NY3d 750).

By failing to renew his motion for a trial order of dismissal after presenting the testimony of a witness, defendant failed to preserve for our review his contention that the evidence is legally insufficient to establish his intent to sell the marihuana (*see People v Hines*, 97 NY2d 56, 61).  In any event, that contention lacks merit (*see People v James*, 90 AD3d 1249; *People v Brown*, 52 AD3d 1175, 1177, *lv denied* 11 NY3d 923).  Further, in view of our determination that the evidence is legally sufficient to support the conviction, defendant has failed to establish that a renewed motion for a trial order of dismissal " 'would be meritorious upon appellate review,' " and thus we reject defendant's contention that he was denied effective assistance of counsel based upon defense counsel's failure to renew the motion (*People v Carrasquillo*, 71 AD3d 1591, 1591, *lv denied* 15 NY3d 803; *see People v Donaldson*, 89 AD3d 1472, 1473).  Finally, viewing the evidence in light of the elements of the crimes in this nonjury trial (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495).

Entered:  March 16, 2012                      Frances E. Cafarell
                                              Clerk of the Court