# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**145**

**KA 12-00166**

PRESENT: SCUDDER, P.J., SMITH, CENTRA, LINDLEY, AND VALENTINO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

                   V                            MEMORANDUM AND ORDER

MICHAEL R. CINTRON, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (DAVID R. JUERGENS OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT.

---

     Appeal from a judgment of the Monroe County Court (Frank P. Geraci, Jr., J.), rendered January 5, 2011. The judgment convicted defendant, upon his plea of guilty, of attempted criminal possession of a controlled substance in the third degree.

     It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

     Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of attempted criminal possession of a controlled substance in the third degree (Penal Law §§ 110.00, 220.16 [1]). Initially, we agree with defendant that his waiver of the right to appeal is invalid because " 'the minimal inquiry made by County Court was insufficient to establish that the court engage[d] the defendant in an adequate colloquy to ensure that the waiver of the right to appeal was a knowing and voluntary choice' . . . , and because the court 'improperly conflated the rights automatically forfeited by operation of law as the consequence of a guilty plea with those rights voluntarily relinquished as the consequence of a waiver of the right to appeal' " (*People v Donaldson*, 117 AD3d 1467, 1467, *lv denied* 23 NY3d 1036).

     We reject defendant's further contention that the court erred in refusing to suppress his statements and physical evidence because "the two-police-officer approach to the car was unwarranted." It is well settled that "[t]he approach of occupants of a stopped or parked vehicle to request information is analyzed under the first tier of the *De Bour* hierarchy . . . and need only be justified by an 'articulable basis,' meaning an 'objective, credible reason not necessarily indicative of criminality' " (*People v Grady*, 272 AD2d 952, 952, *lv denied* 95 NY2d 905, quoting *People v Ocasio*, 85 NY2d 982, 985; *see People v Stebbins*, 278 AD2d 942, 942, *lv denied* 96 NY2d 807; *see*

*generally People v De Bour*, 40 NY2d 210, 222-223).

The record of the suppression hearing establishes that the vehicle was parked when the officers approached, and there is no evidence that the driver's ability to move the vehicle was blocked by any patrol vehicles (*see Ocasio*, 85 NY2d at 984).  "Further, in view of the prior drug activity that had occurred in the [parking lot] where the vehicle was parked and [the anonymous citizen's tip] of drug activity in that area, the officers possessed an objective, credible reason to approach the vehicle" and ask defendant for identification (*People v Gandy*, 85 AD3d 1595, 1596, *lv denied* 17 NY3d 859; *see People v Ramos*, 60 AD3d 1317, 1317, *lv denied* 12 NY3d 928).