■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ADRIAN DUMIT, Appellant. [26 NYS3d 15]—

Judgment, Supreme Court, New York County (Ronald A. Zweibel, J., at suppression hearing; Charles H. Solomon, J., at plea and sentencing), rendered April 9, 2014, convicting defendant of criminal possession of a weapon in the second degree, and sentencing him to a term of 3½ years, unanimously affirmed.

The court properly denied defendant's suppression motion. The suppression issue turns on the legality of the initial police contact with a car in which defendant was riding, after which the police made observations that ultimately led to the recovery of a weapon. The record supports the court's finding that, based on the totality of the factors discussed in *People v Ocasio* (85 NY2d 982 [1995]), the encounter was a nonforcible approach to an already-stopped car, rather than a seizure (*see also People v Bora*, 83 NY2d 531 [1994]), and thus it required only an objective, credible reason, for which there was ample basis. The police observed two cars, one of which contained defendant. The cars were described in a 911 call, and were clearly traveling together as predicted by the caller. The caller reported that men in the two cars had been "taking out guns." The caller supplied his first name, and the 911 system recorded the caller's phone number, which facilitated a callback. In any event, to the extent the reasonable suspicion standard applies, based on the foregoing facts, the officers had reasonable suspicion as well (*see Prado Navarette v California*, 572 US —, 134 S Ct 1683 [2014]; *People v Argyris*, 24 NY3d 1138 [2014]).

We find no basis for a reduction of the five-year term of postrelease supervision. Concur—Tom, J.P., Acosta, Moskowitz and Gische, JJ.