SUPREME COURT OF THE STATE OF NEW YORK
*Appellate Division, Fourth Judicial Department*

141
KA 14-00411
PRESENT: WHALEN, P.J., CENTRA, LINDLEY, TROUTMAN, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                        MEMORANDUM AND ORDER

ROGELIO MUESES, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (DEBORAH K. JESSEY OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (DANIEL J. PUNCH OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Erie County Court (Thomas P. Franczyk, J.), rendered January 23, 2014. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree and unlawful possession of marihuana.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]) and unlawful possession of marihuana (§ 221.05). We reject defendant's contention that County Court erred in refusing to suppress physical evidence seized from defendant and his vehicle. The evidence at the suppression hearing established that the police officers had an objective, credible reason to approach defendant's parked vehicle, which was located in a park known for drugs, prostitution and underage drinking (*see People v Ocasio*, 85 NY2d 982, 984; *People v Cintron*, 125 AD3d 1333, 1334, *lv denied* 25 NY3d 1071). One of the officers testified that he noticed a pile of tobacco next to the driver's door, which in the officer's experience was indicative of marihuana use, and both officers testified that they detected the aroma of marihuana when they got close to the vehicle. The officers were justified in opening the driver's door based upon their observations outside the vehicle and their inability to see into the vehicle's interior (*see People v David L.*, 56 NY2d 698, 700, *revg on dissent* 81 AD2d 893, 895-896, *cert denied* 459 US 866; *People v Funderbunk*, 122 AD3d 515, 516, *lv denied* 25 NY3d 1201). The question to defendant whether he had "more weed" was supported by a reasonable suspicion that he was engaged in criminal activity (*see People v Phillips*, 46 AD3d 1021, 1023, *lv denied* 10 NY3d 815). He responded to that question by producing a bag of marihuana and, "[a]lthough defendant was not placed under arrest at

the time of the search, we nevertheless conclude that the officer[s] had probable cause to search the vehicle" (*People v Harrington*, 30 AD3d 1084, 1085, *lv denied* 7 NY3d 848; *see People v Chestnut*, 43 AD2d 260, 261-262, *affd* 36 NY2d 971).

Entered:  March 25, 2016                        Frances E. Cafarell
                                                Clerk of the Court