People v Ware (2018 NY Slip Op 01755)





People v Ware


2018 NY Slip Op 01755


Decided on March 16, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 16, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CENTRA, PERADOTTO, DEJOSEPH, AND CURRAN, JJ.


245 KA 14-02274

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
GREGORY WARE, DEFENDANT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (KRISTEN N. MCDERMOTT OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (JAMES P. MAXWELL OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Onondaga County Court (Anthony F. Aloi, J.), rendered December 16, 2014. The judgment convicted defendant, upon his plea of guilty, of manslaughter in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him, upon his plea of guilty, of manslaughter in the first degree (Penal Law
§ 125.20 [1]), defendant contends that his waiver of the right to appeal is not valid. We agree. It is well settled that, for a waiver of the right to appeal to be valid, the plea minutes must establish that it was knowingly, voluntarily and intelligently entered, and the plea court "must make certain that a defendant's understanding of the terms and conditions of a plea agreement is evident on the face of the record" (People v Lopez, 6 NY3d 248, 256 [2006]). "When a trial court characterizes an appeal as one of the many rights automatically extinguished upon entry of a guilty plea, a reviewing court cannot be certain that the defendant comprehended the nature of the waiver of appellate rights" (id.). Here, we agree with defendant that the plea minutes fail to "establish that the defendant understood that the right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty" (id.), and thus the waiver is invalid (see People v Mallard, 151 AD3d 1957, 1958 [4th Dept 2017], lv denied 29 NY3d 1130 [2017]; People v Cintron, 125 AD3d 1333, 1333 [4th Dept 2015], lv denied 25 NY3d 1071 [2015]).
Nevertheless, we affirm. Even assuming, arguendo, that defendant preserved for our review his contention that County Court coerced him to plead guilty, we conclude that his contention "is belied by [his] statement during the plea proceeding that [he] was not threatened, coerced or otherwise influenced against [his] will into pleading guilty" (People v Beaty, 303 AD2d 965, 965 [4th Dept 2003], lv denied 100 NY2d 559 [2003]; see People v Strasser, 83 AD3d 1411, 1411 [4th Dept 2011]). In addition, "the court did not coerce defendant into pleading guilty merely by informing him of the range of sentences that he faced if he proceeded to trial and was convicted" (People v Pitcher, 126 AD3d 1471, 1472 [4th Dept 2015], lv denied 25 NY3d 1169 [2015]; see People v Carr, 147 AD3d 1506, 1507 [4th Dept 2017], lv denied 29 NY3d 1030 [2017]). Defendant also failed to establish that the court coerced him to plead guilty by denying his attorney's request to adjourn the trial. It is well settled that a " court's exercise of discretion in denying a request for an adjournment will not be overturned absent a showing of prejudice' " (People v Peterkin, 81 AD3d 1358, 1360 [4th Dept 2011], lv denied 17 NY3d 799 [2011]; see People v Rogers, 103 AD3d 1150, 1151 [4th Dept 2013], lv denied 21 NY3d 946 [2013]), and defendant failed to make such a showing here.
Defendant's contention that he was denied effective assistance of counsel survives his guilty plea only to the extent that he "contends that his plea was infected by the allegedly ineffective assistance and that he entered the plea because of his attorney's allegedly poor [*2]performance" (People v Bethune, 21 AD3d 1316, 1316 [4th Dept 2005], lv denied 6 NY3d 752 [2005]; see People v Collins, 129 AD3d 1676, 1676-1677 [4th Dept 2015], lv denied 26 NY3d 1038 [2015]). Defendant
" must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial' " (People v Hernandez, 22 NY3d 972, 975 [2013], cert denied — US &mdash, 134 S Ct 1900 [2014], quoting Hill v Lockhart, 474 US 52, 59 [1985]; see People v Bank, 28 NY3d 131, 137-138 [2016]), and defendant failed to even allege that he would have proceeded to trial absent counsel's alleged deficiencies.
Contrary to defendant's further contention, the court properly refused to suppress his statements to the police. To the contrary, the court properly concluded that defendant "did not clearly communicate a desire to cease all questioning indefinitely" (People v Caruso, 34 AD3d 860, 863 [3d Dept 2006], lv denied 8 NY3d 879 [2007]; see People v Flowers, 122 AD3d 1396, 1397 [4th Dept 2014], lv denied 24 NY3d 1219 [2015]), and thus did not make an " unequivocal and unqualified' " assertion of his right to remain silent (People v Zacher, 97 AD3d 1101, 1101 [4th Dept 2012], lv denied 20 NY3d 1015 [2013]; see People v Young, 153 AD3d 1618, 1619 [4th Dept 2017], lv denied 30 NY3d 1065 [2017]; People v Cole, 59 AD3d 302, 302 [1st Dept 2009], lv denied 12 NY3d 924 [2009]). Defendant failed to preserve for our review his contention that the court should have suppressed his statements based on unfulfilled promises made by the police inasmuch as he "failed to raise that specific contention in his motion papers or at the suppression hearing as a ground for suppressing his statements" (People v Schluter, 136 AD3d 1363, 1363 [4th Dept 2016], lv denied 27 NY3d 1138 [2016]; see People v Keegan, 133 AD3d 1313, 1314 [4th Dept 2015], lv denied 27 NY3d 1152 [2016]). In any event, our review of the record discloses " no evidence of a promise that defendant would not be prosecuted or that he would receive lenient treatment' " that might justify suppression of the ensuing statements (People v Sachs, 280 AD2d 966, 966 [4th Dept 2001], lv denied 96 NY2d 834 [2001], reconsideration denied 97 NY2d 708 [2002]).
Finally, the sentence is not unduly harsh or severe.
Entered: March 16, 2018
Mark W. Bennett
Clerk of the Court