People v Suttles (2019 NY Slip Op 03158)





People v Suttles


2019 NY Slip Op 03158


Decided on April 26, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 26, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, CARNI, LINDLEY, AND TROUTMAN, JJ.


30 KA 16-02364

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
QUENTIN SUTTLES, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (KRISTIN M. PREVE OF COUNSEL), FOR DEFENDANT-APPELLANT. 
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (MICHAEL J. HILLERY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Erie County (Christopher J. Burns, J.), rendered October 27, 2016. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law, the plea is vacated, those parts of the omnibus motion seeking to suppress tangible property and statements are granted, the indictment is dismissed, and the matter is remitted to Supreme Court, Erie County, for proceedings pursuant to CPL 470.45.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]). The conviction arises from a police encounter during which an officer approached the parked vehicle in which defendant was a passenger and observed that defendant was in possession of a handgun. We agree with defendant that the police lacked reasonable suspicion to justify the initial seizure of the vehicle, and thus Supreme Court erred in refusing to suppress both the tangible property seized, i.e., the weapon, and statements defendant made to the police at the time of his arrest. Here, police officers effectively seized the vehicle in which defendant was riding when their two patrol cars entered the parking lot in such a manner as to prevent the vehicle from being driven away (see People v Jennings, 45 NY2d 998, 999 [1978]; People v Layou, 71 AD3d 1382, 1383 [4th Dept 2010]; cf. People v Cintron, 125 AD3d 1333, 1334 [4th Dept 2015], lv denied 25 NY3d 1071 [2015]). The police had, at most, a "founded suspicion that criminal activity [was] afoot," which permitted them to approach the vehicle and make a common-law inquiry of its occupants. They did not, however, have "reasonable suspicion that [a] particular individual was involved in a felony or misdemeanor" to justify the seizure that occurred here (People v Moore, 6 NY3d 496, 498-499 [2006]; see Layou, 71 AD3d at 1383-1384), and thus the weapon and defendant's statements should have been suppressed. We therefore vacate defendant's guilty plea and, "because our determination results in the suppression of all evidence in support of the crimes charged, the indictment must be dismissed" (People v Lee, 110 AD3d 1482, 1484 [4th Dept 2013] [internal quotation marks omitted]; see People v Finch, 137 AD3d 1653, 1655 [4th Dept 2016]).
In light of our determination, we need not address defendant's remaining contention.
Entered: April 26, 2019
Mark W. Bennett
Clerk of the Court