The People of the State of New York, Respondent, 
against
Jimmy Castaneda, Defendant-Appellant.
Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (James M. Burke, J.), rendered January 14, 2014, after a jury trial, convicting him of two counts of driving while intoxicated, and imposing sentence.
Per Curiam.
Judgment of conviction (James M. Burke, J.), rendered January 14, 2014, affirmed.
The court properly denied defendant's suppression motion. There is no basis for disturbing the court's credibility determinations, which are supported by the record (see People v Prochilo, 41 NY2d 759, 761 [1977]). The suppression issue turns on the legality of the initial police contact with a car defendant was driving, after which police made observations that ultimately led to defendant's arrest for driving while intoxicated. The record supports the court's finding that based on the totality of the circumstances (see People v Ocasio, 85 NY2d 982 [1995]), the encounter was a nonforcible approach to an already stopped vehicle, rather than a seizure (see People v Bora, 83 NY2d 531 [1994]; People v Dumit, 136 AD3d 510, 511 [2016], lv denied 27 NY3d 1068 [2016]), requiring only an objective, credible reason, for which there was ample basis. The credited testimony established that defendant's vehicle sped past a security checkpoint outside a restricted "Authorized Vehicles Only" entrance to the Port Authority Bus Terminal, disregarding a Port Authority police officer who screamed and waived at defendant to stop, and then pulled into a bus loading zone and then stopped on its own. In any event, to the extent that the reasonable suspicion standard applies, the court properly found that the officer had reasonable suspicion as well (see People v De Bour, 40 NY2d 210, 223
[1976]).
All concur.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
Clerk of the Court
Decision Date: June 18, 2020