People v McCaul (2021 NY Slip Op 50222(U))

[*1]

People v McCaul (Patrick)

2021 NY Slip Op 50222(U) [71 Misc 3d 126(A)]

Decided on March 18, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on March 18, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : TERRY JANE RUDERMAN, P.J., JERRY GARGUILO, ELIZABETH H.
EMERSON, JJ

2018-1778 D CR

The People of the State of New York,
Respondent, 
against
Patrick McCaul, Appellant. 

Niall Macgiollabhui, for appellant.
Dutchess County District Attorney (Kirsten A. Rappleyea of counsel), for respondent.

Appeal from a judgment of the Justice Court of the Town of La Grange, Dutchess County
(Michael G. Hayes, J.), rendered July 27, 2018. The judgment convicted defendant, upon his plea
of guilty, of driving while intoxicated (common law), and imposed sentence. The appeal brings
up for review an order of that court dated March 20, 2018, after a hearing, denying defendant's
motion to suppress evidence.

ORDERED that the judgment of conviction is affirmed.
Defendant was charged with, among other things, driving while intoxicated (common law)
(Vehicle and Traffic Law § 1192 [3]). Defense counsel moved to suppress the evidence on
the ground, among others, that the search and seizure of defendant was unlawful.
At a suppression hearing, Lieutenant Frank LaMonica testified that, while on patrol, at
around 1:42 a.m., in the area of Freedom Plains Road, he observed a vehicle with its headlights
on, parked at a gas station between two gas pumps, with the engine running. He found it odd for
the vehicle to be at that location because the gas station was closed. As he drove by the vehicle,
he saw that the driver was sitting behind the steering wheel with his head slumped forward. He
went to "check on [the driver to] make sure everything was all right." He banged on the driver's
side window, but there was no response. He opened the unlocked door and shook the driver. At
that point, he detected the odor of an alcoholic beverage emanating from defendant's breath.
Defendant was subsequently arrested.
The Justice Court denied defendant's motion to suppress the evidence. Defendant thereafter
pleaded guilty to the charge of driving while intoxicated (common law) in full satisfaction of the
outstanding charges. On appeal, defendant contends that the police officer's act of opening the
door to defendant's vehicle and leaning inside constituted an unlawful search, [*2]since there was no probable cause to do so. 
"Unlike stopping a moving vehicle, an approach [to] an occupied, stationary vehicle to
request information, including identification and information related to the lawful operation of
the vehicle, is permitted where there is 'an objective, credible reason' for doing so" (People v Stevenson, 149 AD3d
1271, 1272 [2017], quoting People v Ocasio, 85 NY2d 982, 984 [1995]). There is no
clear definition as to what constitutes a sufficient "objective credible reason" to justify an initial
approach to a legally parked automobile (see e.g. People v Wheeler, 2 NY3d 370, 374
[2004] ["whether police interference is reasonable requires a weighing of the government's
interest against an individual's right to privacy and personal security"]). "Among other functions,
the police [] are charged with the protection of constitutional rights, the maintenance of order, the
control of pedestrian and vehicular traffic, the mediation of domestic and other noncriminal
conflicts and supplying emergency help and assistance" (People v De Bour, 40 NY2d
210, 218 [1976]). 
Here, there was no automobile stop but merely an approach to a vehicle, at 1:42 a.m., parked
at a closed gas station. Lt. LaMonica's credible observations of defendant, who appeared to be
asleep or passed out in the vehicle in the early morning hours with the vehicle's lights on and the
engine running, provided an objective reason to exercise, if nothing else, his "public service
function" pursuant to which the police have "wide latitude to approach people and ask for
information" (People v Thomas, 19
AD3d 32, 39 [2005] [internal quotation marks omitted]), and to provide emergency help and
assistance. When Lt. LaMonica repeatedly banged on the window of defendant's vehicle and
defendant, who was either asleep or unconscious, did not respond, Lt. LaMonica was not
engaged in his criminal law enforcement capacity when he opened the door of the vehicle to
determine whether defendant was well and, if necessary, to provide assistance (see id.; People v Scire, 57 Misc 3d
157[A], 2017 NY Slip Op 51661[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists
2017]). Consequently, defendant's motion to suppress evidence was properly denied.
Accordingly, the judgment of conviction is affirmed.
RUDERMAN, P.J., GARGUILO and EMERSON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: March 18, 2021