■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMAL K. STEPHENSON, Appellant. [823 NYS2d 789]—

Carpinello, J. Appeal from a judgment of the County Court of Columbia County (Czajka, J.), rendered April 20, 2005, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the third degree.

Defendant waived indictment and agreed to be prosecuted by a superior court information charging him with one count of criminal sale of a controlled substance in the third degree. Defendant pleaded guilty to the criminal sale count in November 2004, and he was subsequently sentenced as a second felony offender to a prison term of 4¹/₂ to 9 years in April 2005. In January 2005, following defendant's conviction, but prior to imposition of his sentence, new sentencing ranges for class B felony drug offenders under Penal Law § 70.70 became effective (*see* L 2004, ch 738, § 41 [d-1]). Defendant now appeals seeking a reduced sentence pursuant to the new sentencing provisions.

"[T]o the extent that defendant's constitutional challenge to how he was sentenced survived his plea of guilty and the waiver of his right to appeal" (*People v Pauly*, 21 AD3d 595, 596 [2005]), we find his challenge to be without merit. "While, in the absence of evidence of contrary intent, the general rule is to retroactively apply remedial or ameliorative amendments, explicit legislation setting forth a prospective effective date 'is sufficient to overcome any presumption of retroactivity' " (*People v Walker*, 26 AD3d 676, 677 [2006], quoting *People v Sutton*, 199 AD2d 878, 879 [1993]). The Legislature specifically addressed the retroactive application of the new sentencing provisions when it directed "that the new sentencing ranges for class B felony drug offenders under Penal Law § 70.70 'shall take effect on the thirtieth day [January 13, 2005] after [the Act] shall have become a law, and . . . shall apply to crimes committed on or after the effective date thereof' " (*People v Walker, supra* at 677, quoting L 2004, ch 738, § 41 [d-1]). Here, defendant committed the acts which are the basis for his conviction prior to the effective date of the new sentencing provisions and, therefore, the new provisions were not applicable (*see People v Milner*, 28 AD3d 873, 874-875 [2006]).

Cardona, P.J., Spain, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.