■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD W. LAWRENCE, Appellant. [915 NYS2d 699]—

Stein, J. Appeal from a judgment of the County Court of Franklin County (Main, Jr., J.), rendered October 5, 2009, which revoked defendant's probation and imposed a sentence of imprisonment.

In June 2004, defendant waived indictment and, pursuant to a superior court information, pleaded guilty to criminal possession of a controlled substance in the fifth degree. Defendant was sentenced to, among other things, five years of probation with the first 180 days to be served in the Franklin County jail. Thereafter, in July 2005, supervision of defendant's probation was transferred to Clinton County, where defendant was then residing, but County Court (Franklin County) retained jurisdiction over the matter. A declaration of delinquency subsequently was filed in Franklin County and, ultimately, defendant admitted violating the terms of his probation, waived his right to ap-

peal and was sentenced in October 2009 to a prison term of 1 to 3 years. This appeal ensued.

The crux of defendant's argument on appeal is that a 2007 amendment to CPL 410.80 operated to divest County Court of jurisdiction and, therefore, defendant's 2009 sentence must be vacated. We disagree.

Preliminarily, we reject the People's contention that defendant's challenge to County Court's jurisdiction was encompassed by his waiver of appeal or, alternatively, that defendant waived this issue by failing to object at the time of arraignment and/or sentencing. An alleged defect in subject matter jurisdiction "may be raised at any time by any party or by the court itself" (*Burke v Aspland*, 56 AD3d 1001, 1003 [2008], *lv denied* 12 NY3d 709 [2009]; *see Johnson v New York State*, 71 AD3d 1355 [2010], *lv denied* 15 NY3d 703 [2010]). Hence, defendant's argument is properly before us.

Turning to the merits, CPL 410.80 was amended in 2007 to provide, in relevant part, that where supervision of a defendant's probation is transferred to another county, the appropriate court within the jurisdiction of the receiving probation department shall, upon completion of the transfer, "assume all powers and duties of the sentencing court and shall have sole jurisdiction in the case" (CPL 410.80 [2]). Although the transfer of defendant's probation here occurred prior to the statutory amendment and at a time when County Court was vested with the discretion to retain jurisdiction,* defendant argues that the statute is entitled to retroactive effect.

"It is well settled . . . that a statute will not be given a retroactive construction unless an intention to make it retroactive is to be deduced from its wording, and a law will not receive a retroactive construction unless its language, either expressly or by necessary implication, requires that it be so construed. A clear expression of the legislative purpose is required to justify a retrospective application" (McKinney's Cons Laws of NY, Book 1, Statutes § 51, at 89). In our view, neither the language of CPL 410.80 nor the relevant legislative history evidences a clear expression of legislative intent to apply the statutory amendment retroactively. Moreover, even accepting defendant's premise that the amendment was remedial in nature, thereby constituting an exception to the general rule (*see* McKinney's Cons Laws of NY, Book 1, Statutes § 54), we are not persuaded

* Prior to the effective date of the amendment, the sentencing court had the option of retaining its "powers and duties" over the incidents of the sentence (CPL 410.80 former [2]; *see* Preiser, 2010 Supp Practice Commentaries, McKinney's Cons Laws of NY, 2010 Electronic Update, CPL 410.80).

that the exception is applicable here as it would operate to divest a sentencing court of jurisdiction it otherwise validly retained (*see* McKinney's Cons Laws of NY, Book 1, Statutes § 54).

Peters, J.P., Malone Jr., McCarthy and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.