■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KWAME FERGUSON, Appellant. [27 NYS3d 559]—

Judgment, Supreme Court, Bronx County (Ethan Greenberg, J.), rendered March 26, 2012, as amended April 23, 2012, convicting defendant, after a jury trial, of assault in the first degree, and sentencing him to a term of 15 years, unanimously affirmed.

Defendant's right of confrontation was not violated when the court admitted, as an excited utterance, a nontestifying declarant's 911 call made shortly after defendant stabbed the victim. The statements made by the caller were not testimonial because, based on an "objective analysis of the circumstances" (*Michigan v Bryant*, 562 US 344, 360 [2011]), we conclude that "the primary purpose of [the] interrogation [by the 911 operator was] to respond to an ongoing emergency" (*id.* at 358 [internal quotation marks omitted]). Although the caller

volunteered a remark that could be viewed as a lay opinion that the stabbing was unjustified, this was not in response to any interrogation, and it was still not testimonial (*see People v Long*, 34 Misc 3d 151[A], 2012 NY Slip Op 50300[U], *2 [App Term, 2d Dept, 9th & 10th Jud Dists 2012] [911 caller's unsolicited opinion that dangerous driver was drunk found not testimonial]). Instead, we find that any error in admitting a lay opinion was of an evidentiary, nonconstitutional nature and that it was harmless (*see People v Crimmins*, 36 NY2d 230 [1975]).

With regard to a 911 call by a second nontestifying declarant, which raises similar issues, we note that the court ultimately struck the entire call from the record, and the jury is presumed to have disregarded it. In any event, we similarly find that this call was nontestimonial notwithstanding the presence of remarks bearing on the issue of justification, and that any error was both nonconstitutional and harmless.

Defendant did not preserve his claim that the court provided an inadequate remedy when the prosecutor improperly impeached defendant with statements made by trial counsel at arraignment that were not actually attributable to defendant, and we decline to review it in the interest of justice. Defense counsel expressly agreed to the curative instructions given by the court in its main and supplemental charges, and requested no further relief. Therefore, these curative actions "must be deemed to have corrected the error to the defendant's satisfaction" (*People v Heide*, 84 NY2d 943, 944 [1994]; *see also People v Whalen*, 59 NY2d 273, 280 [1983]). As an alternative holding, we find that the curative instructions, taken together, were sufficient to direct the jury not to consider the offending cross-examination, as well as to avoid any violation of the advocate-witness rule or defendant's right to conflict-free representation (*see People v Ortiz*, 26 NY3d 430 [2015]). Concur—Tom, J.P., Friedman, Saxe and Richter, JJ.