People v McCray (2021 NY Slip Op 04089)





People v McCray


2021 NY Slip Op 04089


Decided on June 24, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 24, 2021

Before: Gische, J.P., Webber, Oing, González, JJ. 


Ind No. 3518/16 1093/18 Appeal No. 14126-14127 Case No. 2019-2523 2019-2531 

[*1]The People of the State of New York, Respondent,
v
Donnie McCray, Defendant-Appellant.


Caprice R. Jenerson, Office of the Appellate Defender, New York (Tabitha P. Cohen of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Jillian Lewis of counsel), for respondent.



Judgments, Supreme Court, New York County (Maxwell Wiley, J.), rendered February 13, 2019, convicting defendant, upon his pleas of guilty, of criminal possession of a controlled substance in the second and third degrees, and sentencing him to concurrent terms of five years, unanimously affirmed.
The court properly denied defendant's suppression motion, in all respects, after a hearing addressing incidents that occurred in 2o16 and 2018 and that were the subject of two consolidated indictments. Initially, we find no basis for disturbing the court's credibility determinations as to both incidents, which are supported by the record (see People v Prochilo, 41 NY2d 759, 761 [1977]).
In the 2016 case, the police smelled marijuana coming from a moving car, saw the codefendant apparently smoking marijuana and passing it to defendant, and also saw smoke coming out of the car. When the officers stopped the car, they continued to smell marijuana, saw defendant furtively stuffing an object into his sock, and saw marijuana on the floor of the car. Accordingly, the police had ample probable cause to believe that defendant and his codefendant possessed marijuana in the car. This justified a search of the car pursuant to the automobile exception, under which "State actors may search a vehicle without a warrant when they have probable cause to believe that evidence or contraband will be found there" so long as there is "a nexus between the arrest and the probable cause to search" (People v Galak, 81 NY2d 463, 467 [1993]). Therefore, the police lawfully seized a bottle of Oxycodone pills in the center console of the car, and the issue of whether the unlawful contents of the bottle were ascertainable in plain view before the officer looked at it is academic.
Once the police found marijuana and the bottle, which contained a significant amount of Oxycodone, they had probable cause to believe that additional drugs were being stored in the car, including the trunk (see People v Scott, 18 AD3d 285 [1st Dept 2005], lv denied 5 NY3d 810 [2005]). The search of the trunk was predicated on more than the mere smell of marijuana (compare People v Ponder, 195 AD3d 123 [1st Dept 2021]), The automobile exception does not require a showing of exigent circumstances or inability to obtain a warrant, and it applied here notwithstanding that the police searched the car hours later, while it was under their exclusive control at the precinct (see e.g. People v Milerson, 51 NY2d 919, 921 [1980]; People v Hurtado, 113 AD3d 411 [1st Dept 2014], lv denied 22 NY3d 1199 [2014]; People v Sosa, 255 AD2d 236, 237 [1st Dept 1998], lv denied 93 NY2d 979 [1999]).
The record also supports the hearing court's further holding that the 2016 search was a valid inventory search (see People v Walker, 20 NY3d 122 [2012]). Defendant's argument that his statements to the police during the 2016 traffic stop should have been suppressed for lack of Miranda warnings is unavailing, because defendant was [*2]not in custody for Miranda purposes (see Berkemer v McCarty, 468 US 420, 436-437 [1984]; People v Bennett, 70 NY2d 891, 894 [1987]; see also People v Allen, 73 NY2d 378, 380 [1989]).
In the 2018 incident, the record establishes a valid inventory search, "the primary objectives of [which] were to preserve the property . . . and to protect police from a claim of lost property" (People v Lee, 29 NY3d 1119, 1120 [2017]). An officer's testimony that one of the requirements of an inventory search is to remove any contraband does not warrant a different conclusion.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 24, 2021