People v Austen (2021 NY Slip Op 04798)





People v Austen


2021 NY Slip Op 04798


Decided on August 26, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 26, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., NEMOYER, CURRAN, BANNISTER, AND DEJOSEPH, JJ.


209 KA 18-00462

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
YE MIN T. AUSTEN, ALSO KNOWN AS YE MIN THET AUSTEN, DEFENDANT-APPELLANT. 






JEFFREY WICKS, PLLC, ROCHESTER (JEFFREY WICKS OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (KAYLAN PORTER OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Monroe County (Alex R. Renzi, J.), rendered January 31, 2018. The judgment convicted defendant, upon a jury verdict, of rape in the first degree and course of sexual conduct against a child in the first degree. 
It is hereby ORDERED that the judgment so appealed from is affirmed.
Memorandum: Defendant appeals from a judgment convicting him, following a jury trial, of rape in the first degree (Penal Law
§ 130.35 [4]) and course of sexual conduct against a child in the first degree (§ 130.75 [1] [b]). We reject defendant's contention that he was deprived of a fair trial by the prosecutor's failure to produce a video-recorded statement of the victim until one week prior to trial. Defendant does not dispute that the recording constitutes Rosario material. Under the discovery rules in effect at the time of defendant's trial, "[w]here, as here, [a] witness[ is] not called to testify at a pretrial hearing, Rosario material need not be disclosed until '[a]fter the jury has been sworn and before the prosecutor's opening address' " (Matter of Doorley v Castro, 160 AD3d 1381, 1383 [4th Dept 2018], quoting CPL former 240.45 [1] [a]). Neither party requested that this Court consider the retroactivity of the new discovery statute now in effect.
Defendant contends that defense counsel was ineffective for failing to object at trial to alleged hearsay testimony from the investigating police officer. We reject that contention. Failure to "to make a motion or argument that has little or no chance of success" does not constitute ineffective assistance (People v Patterson, 115 AD3d 1174, 1175 [4th Dept 2014], lv denied 23 NY3d 1066 [2014] [internal quotation marks omitted]) and, here, the officer's testimony about the victim's reports of sexual abuse was admissible " 'for the relevant, nonhearsay purpose of explaining the investigative process and completing the narrative of events leading to . . . defendant's arrest' " (People v Ludwig, 24 NY3d 221, 231 [2014]). Likewise, we conclude that defense counsel's failure to object to the admission in evidence of text messages on hearsay grounds did not constitute ineffective assistance because, even assuming, arguendo, that the text messages constituted hearsay evidence, any error " 'was at most a mistaken judgment as to trial strategy and cannot be characterized as ineffective assistance of counsel' " (People v Simms, 244 AD2d 920, 921 [4th Dept 1997], lv denied 91 NY2d 897 [1998]).
We reject defendant's further contention that Supreme Court erred in denying his motion to preclude the People's expert witness from testifying regarding child sexual abuse accommodation syndrome (CSAAS). Such testimony is admissible "for the purpose of explaining behavior that might be puzzling to a jury" (People v Spicola, 16 NY3d 441, 465 [2011], cert denied 565 US 942 [2011]; see People v Nicholson, 26 NY3d 813, 828 [2016]; People v Graham, 171 AD3d 1566, 1570 [4th Dept 2019], lv denied 33 NY3d 1104 [2019]). [*2]Contrary to defendant's contention, the expert testimony did not exceed permissible bounds inasmuch as the expert spoke of the subject matter in general terms and expressly declined to provide an opinion regarding the victim's credibility or whether she was in fact a victim of sexual abuse (see People v Lathrop, 171 AD3d 1473, 1473-1474 [4th Dept 2019], lv denied 33 NY3d 1106 [2019]). We reject defendant's contention that CSAAS is no longer generally accepted in the relevant scientific community. Although a small number of other state courts do not allow expert testimony on CSAAS (see e.g. State of New Jersey v J.L.G., 234 NJ 265, 289, 303, 190 A3d 442, 456, 464 [2018]), the record here provides no basis for us to reach a similar conclusion (see Spicola, 16 NY3d at 466). We therefore conclude that the court did not abuse its discretion in permitting the expert testimony (see People v Meir, 178 AD3d 1452, 1453 [4th Dept 2019], lv denied 35 NY3d 972 [2020]).
All concur except Smith, J.P., who concurs in the result in the following memorandum: I agree with the majority's determination to affirm the judgment of conviction, but I write to address an issue of law that the majority has not discussed. Defendant contends that Supreme Court erred in permitting the prosecution to provide certain Rosario materials one week before the start of the trial, and the majority concludes that the materials were properly provided "[u]nder the discovery rules in effect at the time of defendant's trial," without discussing whether we are to apply those rules (see CPL former 240.45 [1] [a]), or the amended discovery rules enacted in 2019 (see CPL 245.10 [1] [a]; 245.20). I cannot agree that we may resolve this appeal without addressing that issue.
Defendant summarily contends that the former discovery statute applies to this case, and the People implicitly concede that this is so. It is well settled that such a "concession does not, however, relieve us from the performance of our judicial function and does not require us to adopt the proposal urged upon us" (People v Berrios, 28 NY2d 361, 366-367 [1971]; see People v Colsrud, 144 AD3d 1639, 1640 [4th Dept 2016], lv denied 29 NY3d 1030 [2017]; see also Matter of Knavel v West Seneca Cent. Sch. Dist., 149 AD3d 1614, 1616 [4th Dept 2017], lv dismissed 29 NY3d 1116 [2017]), inasmuch as an appellate court is not bound by "the erroneous concession of a legal principle" (People v Diviesti, 101 AD3d 1163, 1164 n [3d Dept 2012], lv denied 20 NY3d 1097 [2013]). Indeed, where appropriate this Court has rejected incorrect concessions by the People (see e.g. People v Morrison, 179 AD3d 1454, 1455 [4th Dept 2020], lv denied 35 NY3d 972 [2020]; People v Adair, 177 AD3d 1357, 1357 [4th Dept 2019], lv denied 34 NY3d 1125 [2020]; People v Wilson, 175 AD3d 1800, 1801 [4th Dept 2019]). Thus, although appellate courts "have no quarrel with a litigant conceding an issue of fact . . . , or conceding that a bill of particulars is sufficiently specific . . . , or waiving a beneficial right . . . 
[, t]hose types of concessions do not intrude upon the judicial function of correctly identifying and applying the law to the facts" (Knavel, 149 AD3d at 1616). Therefore here, as in any appeal, it is our judicial function to "correctly identify[ ] and apply[ ] the law to the facts" (id.). Upon performing that function, however, I conclude that the new discovery rules should not be applied retroactively, thus I join the majority in voting to affirm.
At the time of trial, CPL former 240.45 (1) (a) required that the People provide Rosario material "[a]fter the jury has been sworn and before the prosecutor's opening address" (id.; see Matter of Doorley v Castro, 160 AD3d 1381, 1383 [4th Dept 2018]). The CPL was amended in 2019 so that such materials must be provided within 20 to 35 days of arraignment upon an indictment, depending on whether the defendant is in or out of custody (see CPL 245.10 [1] [a]; see also 245.20). Pursuant to the enacting session law, the new discovery rules took effect January 1, 2020 (see L 2019, ch 59, part LLL, §§ 1, 2 14), or approximately 8½ months after the legislature enacted that law on April 12, 2019 (see id.). Here, the record establishes that the recorded statement at issue was not provided until one week before the start of trial, and therefore, although it was timely provided within the meaning of CPL former article 240, it was not timely provided within the meaning of CPL article 245.
In determining whether to apply a statutory amendment retroactively, the courts must ascertain whether that was what legislature intended, and inasmuch " '[a]s the clearest indicator of legislative intent is the statutory text, the starting point in any case of interpretation must always be the language itself, giving effect to the plain meaning thereof' " (Matter of Raynor v Landmark Chrysler, 18 NY3d 48, 56 [2011]; see People v M.E., 121 AD3d 157, 160 [4th Dept 2014]). Thus, " '[i]t is well settled . . . that a statute will not be given a retroactive construction unless an intention to make it retroactive is to be deduced from its wording, and a law will not [*3]receive a retroactive construction unless its language, either expressly or by necessary implication, requires that it be so construed. A clear expression of the legislative purpose is required to justify a retrospective application' " (People v Lawrence, 80 AD3d 1011, 1012 [3d Dept 2011]; see e.g. People v Stephenson, 34 AD3d 983, 983 [3d Dept 2006]).
In general, amendments to procedural statutes apply retroactively (see People v Anderson, 306 AD2d 536, 536-537 [2d Dept 2003], lv denied 1 NY3d 594 [2004]; see generally McKinney's Cons Laws of NY, Book 1, Statutes § 55). Nevertheless, as noted in the comment to Statutes § 55, "[w]hat is really meant when it is said that procedural statutes are generally retroactive is that they apply to pending proceedings, and even with respect to such proceedings they only affect procedural steps taken after their enactment. In other words, while procedural changes are generally deemed applicable to subsequent proceedings in pending actions, it takes a clear expression of legislative intent to justify a retroactive application of a procedural statute so as to affect proceedings previously taken in such actions; and in the latter case, a change in procedure is inapplicable, unless in exceptional conditions, where the effect is to nullify by relation things already done in a pending proceeding" (McKinney's Cons Laws of NY, Book 1, Statutes § 55, Comment at 117-118 [1971 ed]). Applying the newly enacted CPL 245.10 (1) (a) retroactively would nullify the procedures used in all cases prior to the enactment of the new discovery rules and in pending cases for a period of 8½ months between the enactment and the effective date, and therefore only the clearest indication of legislative intent will require such retroactive application. Additionally, because the legislature provided that the new discovery rules would not take effect until 8½ months after their enactment, that delay "is additional evidence that the provisions were meant to apply prospectively. 'The postponement of the effective date of [the new discovery rules] furnishes critical and clear indicia of intent. If [they] were to have retroactive effect, there would have been no need for any postponement' " of the new rule's effective date (People v Utsey, 7 NY3d 398, 403-404 [2006]).
Furthermore, the CPL states that "[t]he provisions of this chapter do not impair or render ineffectual any proceedings or procedural matters which occurred prior to the effective date thereof" (CPL 1.10 [3]). Although that statute was part of the original enactment of the Criminal Procedure Law, it applies to amendments to the CPL (see People v Bell, 161 AD2d 1137, 1138 [4th Dept 1990], lv denied 76 NY2d 784 [1990]; see also People v Battaglia, 159 AD2d 993, 993 [4th Dept 1990], lv denied 76 NY2d 852 [1990]).
In addition, in determining whether to apply an amendment retroactively, " '[t]he criteria guiding resolution of the question implicate (a) the purpose to be served by the new standards, (b) the extent of the reliance by law enforcement authorities on the old standards, and (c) the effect on the administration of justice of a retroactive application of the new standards' " (People v Morales, 37 NY2d 262, 269 [1975], quoting Desist v United States, 394 US 244, 249 [1969]). Applying that test, I note that the People relied in innumerable cases on the old discovery rule in determining when to turn over Rosario material. Thus, it will severely impact the criminal justice system if we apply the statute retroactively because, in every case in which Rosario materials were requested, the People, relying on the existing law, did not turn over the materials until the start of trial. There is no indication that the legislature intended that result, and every indication that it intended that the new rule apply only prospectively. Thus, I join the majority in applying the former discovery rule and in voting to affirm.
Entered: August 26, 2021
Mark W. Bennett
Clerk of the Court