People v King (2021 NY Slip Op 06499)





People v King


2021 NY Slip Op 06499


Decided on November 19, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 19, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CARNI, CURRAN, AND DEJOSEPH, JJ.


837 KA 19-01978

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
KEITH KING, DEFENDANT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (BRIDGET L. FIELD OF COUNSEL), FOR DEFENDANT-APPELLANT. 
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (JESSICA N. CARBONE OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Onondaga County (Gordon J. Cuffy, A.J.), rendered October 12, 2018. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a controlled substance in the fifth degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law, the plea is vacated, those parts of the omnibus motion seeking to suppress physical evidence and statements are granted, the indictment is dismissed, and the matter is remitted to Supreme Court, Onondaga County, for proceedings pursuant to CPL 470.45.
Memorandum: Defendant appeals from a judgment that convicted him, upon his plea of guilty, of criminal possession of a controlled substance in the fifth degree (Penal Law § 220.06 [1]). We agree with defendant that Supreme Court erred in refusing to suppress physical evidence recovered from his person after police officers approached a vehicle in which he was a passenger, as well as statements he made to police. Where, as here, "police officers approach a vehicle that is already parked and stationary, the only level of suspicion necessary to justify that approach is an articulable, credible reason for doing so, not necessarily indicative of criminality" (People v Witt, 129 AD3d 1449, 1450 [4th Dept 2015], lv denied 26 NY3d 937 [2015]; see People v Ocasio, 85 NY2d 982, 985 [1995]). The approach, however, "must be predicated on more than a hunch, whim, caprice or idle curiosity" (Ocasio, 85 NY2d at 985). Here, the officer testified at the suppression hearing that he and his partner approached the vehicle because the apartment complex at which it was parked was in a high crime area and because the vehicle was not running and had three occupants. The hearing record is devoid, however, of evidence that the officer was "aware of or observed conduct which provided a particularized reason to request information" from the occupants of the vehicle (People v McIntosh, 96 NY2d 521, 527 [2001]). We therefore conclude that the officers lacked the requisite articulable, credible reason for approaching the vehicle (see id.; People v Rutledge, 21 AD3d 1125, 1126 [2d Dept 2005], lv denied 6 NY3d 758 [2005]). Inasmuch as the police action was not justified in its inception (see People v De Bour, 40 NY2d 210, 215 [1976]), the physical evidence seized from defendant, as well as defendant's subsequent statements to the officers, must be suppressed (see People v Mobley, 120 AD3d 916, 919 [4th Dept 2014]). As a result, defendant's guilty plea must be vacated and the indictment must be dismissed (see People v Williams, 191 AD3d 1495, 1498 [4th Dept 2021]; Mobley, 120 AD3d at 919). We therefore remit the matter to Supreme Court for proceedings pursuant to CPL 470.45.
In light of our determination herein, we need not address defendant's remaining contentions.
Entered: November 19, 2021
Ann Dillon Flynn
Clerk of the Court