People v Vaughn (2022 NY Slip Op 01945)





People v Vaughn


2022 NY Slip Op 01945


Decided on March 18, 2022


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 18, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, CURRAN, AND WINSLOW, JJ.


1166 KA 20-00855

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
KAWAUN VAUGHN, DEFENDANT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PHILIP ROTHSCHILD OF COUNSEL), FOR DEFENDANT-APPELLANT. 
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (JESSICA N. CARBONE OF COUNSEL), FOR RESPONDENT 


 Appeal from a judgment of the Onondaga County Court (Stephen J. Dougherty, J.), rendered February 7, 2020. The judgment convicted defendant upon a plea of guilty of criminal possession of a controlled substance in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]). We affirm.
Defendant contends that County Court erred in refusing to suppress physical evidence recovered from his vehicle after police officers approached and searched the vehicle, as well as statements he made to police thereafter. We reject that contention. When the police approach an individual situated in a vehicle "that is already parked and stationary, the only level of suspicion necessary to justify that approach is an articulable, credible reason for doing so, not necessarily indicative of criminality" (People v Witt, 129 AD3d 1449, 1450 [4th Dept 2015], lv denied 26 NY3d 937 [2015]; see People v Ocasio, 85 NY2d 982, 985 [1995]; People v Grady, 272 AD2d 952, 952 [4th Dept 2000], lv denied 95 NY2d 905 [2000]). To approach an occupied vehicle, "[a]ll that is required is that the intrusion be predicated on more than a hunch, whim, caprice or idle curiosity" (Grady, 272 AD2d at 952 [internal quotation marks omitted]; see Ocasio, 85 NY2d at 985). To that end, a person's presence in a high-crime area, without more, does not provide an objective credible reason for approaching the vehicle (see People v McIntosh, 96 NY2d 521, 526-527 [2001]; People v Savage, 137 AD3d 1637, 1638 [4th Dept 2016]).
Here, an officer testified at the suppression hearing that he and his partner were conducting a property check at an apartment complex located in a "known gang area" when they observed two occupied vehicles in the parking lot, one of which was defendant's vehicle. While the officer was walking in the direction of defendant's vehicle—but before he had any contact with defendant or initiated any encounter with him—he detected the odor of burning marihuana emanating from inside the vehicle, which was an odor he recognized based on his training and experience. Thus, in addition to having an objective, credible reason to approach defendant in the vehicle, the officer also had probable cause to search the vehicle (see People v Clanton, 151 AD3d 1576, 1577 [4th Dept 2017]; People v Ricks, 145 AD3d 1610, 1611 [4th Dept 2016], lv denied 29 NY3d 1000 [2017]; People v Cuffie, 109 AD3d 1200, 1201 [4th Dept 2013], lv denied 22 NY3d 1087 [2014]). Contrary to defendant's contention, this is not a case where the police detected the odor of burning marihuana after the officer had already initiated an encounter with a defendant situated in a vehicle (cf. People v King, 199 AD3d 1454, 1454 [4th Dept 2021]).
We also reject defendant's alternative contention that newly-enacted Penal Law § 222.05 (3) (L 2021, ch 92)—which provides, as relevant here, that the odor of cannabis can no longer be [*2]the sole basis supporting a "determination of reasonable cause to believe a crime has been committed"—should be applied retroactively to conclude that the police lacked probable cause to search the vehicle. It is well settled that "[s]tatutes dealing with matters other than procedure are not intended to be applied retroactively absent a plainly manifested legislative intent to that effect" (People v Oliver, 1 NY2d 152, 157 [1956]; see People v Behlog, 74 NY2d 237, 240 [1989]). Here, nothing in the plain language of Penal Law § 222.05 (3) indicates that the legislature clearly intended that provision to have retroactive effect (see L 2021, ch 92; see also People v Austen, 197 AD3d 861, 864 [4th Dept 2021, Smith, J., concurring]; People v Lawrence, 80 AD3d 1011, 1012 [3d Dept 2011]). Indeed, we note that where the legislature intended for the new laws regulating marihuana to have retroactive effect, it clearly specified so (see e.g. CPL 440.46-a).
In light of our determination, we reject defendant's further contention that his statements to the police must be suppressed as fruit of the poisonous tree (see generally People v Nichols, 113 AD3d 1122, 1123 [4th Dept 2014], lv denied 23 NY3d 1065 [2014]; People v Sims, 106 AD3d 1473, 1474 [4th Dept 2013], appeal dismissed 22 NY3d 992 [2013]).
Finally, contrary to defendant's contention, the sentence is not unduly harsh or severe.
Entered: March 18, 2022
Ann Dillon Flynn
Clerk of the Court