People v Diaz (2022 NY Slip Op 02071)





People v Diaz


2022 NY Slip Op 02071


Decided on March 24, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 24, 2022

Before: Gische, J.P., Friedman, Oing, Singh, Moulton, JJ. 


Ind No. 2604/13 Appeal No. 8065 Case No. 2016-1274 

[*1]The People of the State of New York, Respondent,
v
Adan Diaz, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (V. Marika Meis of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (R. Jeannie Campbell-Urban of counsel), for respondent.



Judgment, Supreme Court, New York County (Bonnie G. Wittner, J. at suppression motion and plea; Ann E. Scherzer at suppression hearing and motion to controvert; A. Kirke Bartley, Jr., J. at sentencing), rendered July 17, 2014, as amended December 16, 2015, convicting defendant, upon his plea of guilty, of criminal possession of a controlled substance in the second degree, and sentencing him to a term of three years, unanimously affirmed.
This Court previously held defendant's appeal in abeyance (168 AD3d 478 [1st Dept 2019]) pending a hearing on defendant's suppression motion. Upon remand, the hearing court properly denied defendant's motion to suppress heroin found in a bag inside his car.
The court correctly applied the automobile exception to the warrant requirement (see People v Blasich, 73 NY2d 673, 678-679 [1989]; People v McCray, 195 AD3d 555, 556 [1st Dept 2021], lv denied 37 NY3d 1028 [2021]). The mere fact that a GPS tracking device was installed on defendant's car, which simply revealed the car's location, does not suggest that the predicates for the automobile exception do not apply here (see People v Belton, 55 NY2d 49, 53 [1982]).
The court properly found probable cause to stop and search the car based on information provided by a confidential informant, who had arranged to purchase a large quantity of drugs from defendant on that day. The informant had provided Drug Enforcement Agency Task Force members with samples of heroin he had obtained from defendant on four dates before the planned sale, including on the two days preceding the sale. The information that the confidential informant provided was corroborated by Task Force members' personal observations of the informant's meetings with defendant; thus, the informant's reliability and basis of his knowledge were established (see generally People v DiFalco, 80 NY2d 693, 696-697 [1993]).
Because no suppression hearing was previously held, the court properly allowed the People to rely on the automobile exception even though they had not raised it in their response to the omnibus motion. There is nothing in CPL 710.60(1) to suggest that the People's answer to a suppression motion limits the evidence and arguments they may present at a hearing. This matter was remanded for an initial, rather than a reopened suppression hearing, so it was the People's first opportunity to present any evidence regarding the lawfulness of the stop (compare People v Kevin W., 22 NY3d 287 [2013]; People v Havelka, 45 NY2d 636 [1978]). Moreover, the People argued in their brief on the initial stage of this appeal that the informant provided information about the upcoming sale of heroin, and they provided defendant with the relevant discovery materials, which described the information that the informant gave the Task Force before defendant's arrest. Thus, defendant was not unfairly surprised by the People's arguments, and he had a full and fair opportunity to litigate the issue.
Defendant's challenges [*2]to issuance of the court orders authorizing a GPS tracking device to be installed on his car are academic, because no evidence was recovered as a result of the device, nor was it the basis for the stop and search of the car.
We have considered and rejected defendant's remaining claims. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 24, 2022