People v Silva (2022 NY Slip Op 02348)

People v Silva

2022 NY Slip Op 02348

Decided on April 07, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 07, 2022

Before: Manzanet-Daniels, J.P., Kern, Gesmer, Oing, Rodriguez, JJ. 

Ind. No. 5479/13 Appeal No. 15680 Case No. 2016-2631 

[*1]The People of the State of New York, Respondent,
v
Jorge Silva, Defendant-Appellant.

Janet E. Sabel, The Legal Aid Society, New York (Ronald Alfano of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (John T. Hughes of counsel), for respondent.

Judgment, Supreme Court, New York County (Robert M. Stolz, J.), rendered September 23, 2014, convicting defendant, after a jury trial, of attempted assault in the first degree, assault in the second degree and criminal possession of a weapon in the third degree, and sentencing him, as a second felony offender, to an aggregate term of 10 years, unanimously affirmed.
The verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348—349 [2007]). On the contrary, the evidence, which included the corroborative testimony of an eyewitness bystander, overwhelmingly disproved defendant's justification defense.
The court properly permitted the People to impeach defendant's testimony with statements made in his presence by his counsel at arraignment. It was a reasonable inference that defendant was the source of the statements regarding his actions before and during the stabbing of the victim (see People v Brown, 98 NY2d 226, 232-233 [2002]; People v Kallamni, 14 AD3d 316 [1st Dept 2005], lv denied 4 NY3d 854 [2005]; People v Moye, 11 AD3d 212 [1st Dept 2004], lv denied 4 NY3d 766 [2005]). The court later ruled that, although the line of questioning had been appropriate, the People would not be permitted to comment on it in summation because defendant denied making the statements and they were not otherwise proven. Because defense counsel agreed to that curative action, defendant's claim that the court should then have also struck the testimony or provided a curative instruction is unpreserved (see People v Ferguson, 137 AD3d 641, 642 [1st Dept 2016], 28 NY3d 929 [2016]), and we decline to review it in the interest of justice. As an alternative holding, we find it unavailing. In any event, any error was harmless.
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 7, 2022