People v Pastrana (2022 NY Slip Op 03058)

People v Pastrana

2022 NY Slip Op 03058

Decided on May 05, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 05, 2022

Before: Gische, J.P., Kern, Oing, González, Scarpulla, JJ. 

Ind No. 2026/15 Appeal No. 15884 Case No. 2018-4537 

[*1]The People of the State of New York, Respondent,
v
Pablo Pastrana, Defendant-Appellant.

Robert S. Dean, Center for Appellate Litigation, New York (Mark W. Zeno of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Nicole Neckles of counsel), for respondent.

Judgment, Supreme Court, Bronx County (John W. Carter, J.), rendered April 19, 2018, convicting defendant, after a jury trial, of criminal possession of a weapon in the second degree, criminal possession of marijuana in the fifth degree and unlawful possession of marijuana, and sentencing him, as a persistent violent felony offender, to an aggregate term of 16 years to life, unanimously affirmed.
The court properly denied defendant's motion to suppress the physical evidence recovered from his vehicle after it was stopped at a checkpoint. Initially, we find no basis for disturbing the court's credibility determinations (see People v Prochilo, 41 NY2d 759, 761 [1977]), regarding the circumstances of the checkpoint stop as well as the ensuing search.
The police testimony, and reasonable inferences to be drawn therefrom, were sufficient to satisfy the People's burden at the hearing of establishing the elements of a valid checkpoint stop (see People v Dugan, 57 AD3d 300 [1st Dept 2008], lv denied 11 NY3d 924 [2009]). The testimony established that the primary purpose of the checkpoint was vehicular safety and enforcement of vehicular laws and regulations rather than general crime control, that the checkpoint was effective in advancing those interests, that the checkpoint and its primary purpose originated at a higher police supervisory level than the officers at the scene, and that the degree of intrusion on drivers' liberty and privacy interests was minimal (see Indianapolis v Edmond, 531 US 32 [2000]; People v Scott, 63 NY2d 518 [1984]). The officer's testimony that the checkpoint stopped every third car satisfied the requirement that "the procedure followed be uniform and not gratuitous or subject to individual discriminatory selection" (People v Serrano, 233 AD2d 170, 171 [1st Dept 1996], lv denied 89 NY2d 929 [1996]), and there was no credible evidence of unlawful discrimination adduced at the hearing. We have considered and rejected defendant's remaining arguments on the checkpoint issue.
The hearing evidence also established that there was probable cause to search the locked glove box where a pistol and other contraband were found. Pursuant to the automobile exception, "[s]tate actors may search a vehicle without a warrant when they have probable cause to believe that evidence or contraband will be found there" so long as there is "a nexus between the arrest and the probable cause to search" (People v Galak, 81 NY2d 463, 467 [1993]; People v McCray, 195 AD3d 555, 556 [1st Dept 2021], lv denied 37 NY3d 1028 [2021]). When defendant's car was pulled over at the check point, the officer directed defendant to roll down the windows, at which time he detected a "very strong" odor of marijuana emanating from the car. The officer asked defendant to step out of the car and for his license and registration. When defendant did so, the officer observed a "twist" of marijuana on the passenger side floor. Based upon the strong smell of marijuana in the [*2]car, and the presence of marijuana in plain view, the officer searched the interior of the car for more marijuana. Noticing that the smell was strongest in the front passenger area in the vicinity of the glove compartment, the officer opened the glove compartment wherein he discovered two large Ziploc bags. One contained seven bags of marijuana; the other contained a 9 millimeter firearm, a magazine and cartridges. The strong odor of marijuana, coupled with the visible presence of marijuana in the car, provided probable cause to search the interior of the car and provided a nexus that justified the officer's search of the glove box (compare People v Ponder, 195 AD3d 123 [1st Dept 2021] [odor of marijuana emanating from car did not provide probable cause for search of trunk]).
We also conclude that newly-enacted Penal Law § 222.05(3), which affects whether a finding of probable cause may be made on evidence of the odor of cannabis, should not be applied retroactively (see Davis v United States, 564 US 229, 241 [2011]; People v Martello, 93 NY2d 645, 648 [1999]). "[N]othing in the plain language of Penal Law § 222.05 (3) indicates that the legislature clearly intended that provision to have retroactive effect" (People v Vaughn, 203 AD3d 1729,1730 [4th Dept 2022]).
We also decline to vacate defendant's marijuana convictions based on recent changes to the law relating to substantive marijuana offenses (see People v Utsey, 7 NY3d 398, 404 [2006]; People v Walker, 81 NY2d 661 [1993]). Instead, CPL 440.46-a provides a specific mechanism for the resentencing of defendants who were convicted
under former article 221, but whose conduct would constitute a lesser offense or no offense under article 222 (see People v Ramos, 202 AD3d 410 [1st Dept 2022]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 5, 2022