People v Fabien (2022 NY Slip Op 03695)

People v Fabien

2022 NY Slip Op 03695

Decided on June 07, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 07, 2022

Before: Gische, J.P., Webber, Singh, González, Pitt, JJ. 

Ind. No. 4579/16 Appeal No. 16089 Case No. 2018-03856 

[*1]The People of the State of New York, Respondent,
v
Bernard Fabien, Defendant-Appellant.

Robert S. Dean, Center for Appellate Litigation, New York (Ben A. Schatz of counsel), and Latham & Watkins LLP, New York (Samir Deger-Sen of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Samuel Z. Goldfine of counsel), for respondent.

Judgment, Supreme Court, New York County (A. Kirke Bartley, Jr., J. at suppression hearing; Guy H. Mitchell, J. at jury trial and sentencing), rendered April 4, 2018, as amended June 11, 2018, convicting defendant, after a jury trial, of 22 counts of criminal possession of a forged instrument in the second degree, and sentencing him, as a second felony offender, to concurrent terms of 3½ to 7 years, unanimously affirmed.
The court properly denied defendant's suppression motion. It is undisputed that the odor of marijuana was sufficient to support a finding of probable cause for the search under the law in effect at the time (see People v McCray, 195 AD3d 555, 556 [1st Dept 2021], lv denied 37 NY3d 1028 [2021]).
The Marijuana Regulation and Taxation Act (MRTA), which became effective March 31, 2021—almost three years after defendant's conviction—is inapplicable. The MRTA states in pertinent part, that "in any criminal proceeding including proceedings pursuant to section 710.20 of the criminal procedure law [motion to suppress], no finding or determination of reasonable cause to believe a crime has been committed shall be based solely on evidence of" the odor of burnt or unburnt marijuana (Penal Law § 222.05[3]).
In People v Pastrana, this Court held that " '[n]othing in the plain language of Penal Law § 222.05 (3) indicates that the legislature clearly intended that provision to have retroactive effect' " (AD3d, 2022 NY Slip Op 03058, *2 [1st Dept 2022], quoting People v Vaughn, 203 AD3d 1729, 1730 [4th Dept 2022]). This Court's holding in Pastrana, is consistent with the recent holdings by the Second and Fourth Departments on this issue (see People v Babadzhanov, 204 AD3d 685 [2d Dept 2022]; People v Vaughn, 203 AD3d at 1730). We find no reason to hold otherwise.
We also decline to accept defendant's argument that this direct criminal appeal plainly falls within the definition of "criminal proceeding" as stated in the statute. The Criminal Procedure Law defines "criminal proceeding" as any proceeding which "(a) constitutes a part of a criminal action" — which "commences with the filing of an accusatory instrument" and "terminates with the imposition of sentence or some other final disposition" — or "(b) occurs in a criminal court and is related to a prospective, pending or completed criminal action . . . or involves a criminal investigation" (CPL 1.20[16], [18]).While defendant argues that this would include the appeal of a criminal action, this definition standing alone would still not indicate a clear intent by the legislature that this provision be retroactive. Further, such an interpretation would be contrary to those cases which state that "once final judgment has been pronounced, a change in the law does not arrest or interfere with execution of the sentence" (People v Utsey, 7 NY3d 398, 404 [2006] [internal quotation marks omitted]; see People v Ramos, 202 AD3d 410, 413 [1st Dept 2022], lv denied 38 NY3d 953 [2022]; see also [*2]People v Walker, 81 NY2d 661 [1993]).
Evidence of blank gift cards and designer goods discovered in defendant's car during an inventory search was not properly admitted under People v Molineux (168 NY 264 [1901]). However, the error was harmless as proof of guilt was overwhelming and there was no significant probability that the jury would have acquitted defendant if the evidence had not been admitted (see People v Brown, 13 AD3d 145 [1st Dept 2004], lv denied 6 NY3d 846 [2006]). Further, after reconsidering its ruling, the court struck all references to the evidence, and delivered thorough curative instructions, both during the testimony and in its final charge, that were satisfactory to the defense and that the jury is presumed to have followed (see People v Ferguson, 137 AD3d 641, 642 [1st Dept 2016], lv denied 28 NY3d 929 [2016]; People v Coursey, 250 AD2d 351 [1st Dept 1998], lv denied 92 NY2d 850 [1998]).
The verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations, including its resolution of minor inconsistencies in police testimony. Defendant's possession of 22 forged credit cards was supported by evidence that the cards spilled out of a wallet that clearly belonged to defendant because he removed it from his pants pocket and took out his driver's license to show the officers. Defendant cites indications that another passenger in the car may have stashed the cards in the wallet after defendant put it on the car's console during the encounter with the police. However, the jury was justified in rejecting this explanation. Neither police witness saw the passenger put anything in the wallet even though one officer was standing right next to her, their testimony suggested that there was insufficient time for such stashing to occur, and it would not have made sense for the passenger to put 22 cards in the wallet while keeping 3 in her purse, which she later attempted to throw away.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 7, 2022