People v Kuforiji (2022 NY Slip Op 05760)

People v Kuforiji

2022 NY Slip Op 05760

Decided on October 13, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 13, 2022

Before: Renwick, J.P., Friedman, Singh, Shulman, Higgitt, JJ. 

Ind. No. 1118/16 Appeal No. 16433 Case No. 2019-1150 

[*1]The People of the State of New York, Respondent,
v
Andrew Kuforiji, Defendant-Appellant.

Caprice R. Jenerson, Office of the Appellate Defender, New York (Victorien Wu of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Karl Z. Deuble of counsel), for respondent.

Judgment, Supreme Court, New York County (James M. Burke, J. at hearing; Arlene D. Goldberg, J. at jury trial and sentencing), rendered June 1, 2017, convicting defendant of criminal possession of a weapon in the second degree and criminal possession of a forged instrument in the second degree (two counts), and sentencing him to an aggregate term of 3½ years, unanimously affirmed.
The hearing court properly denied defendant's suppression motion. The evidence supported the court's finding that there was probable cause to believe that contraband would be found in defendant's vehicle. Under the automobile exception, police may search a vehicle without a warrant when they have "probable cause to believe that evidence or contraband will be found there" so long as there is "a nexus between the arrest and the probable cause to search" (People v Galak, 81 NY2d 463, 467 [1993]; see People v McCray, 195 AD3d 555, 556 [1st Dept 2021], lv denied 37 NY3d 1028 [2021]). When an officer pulled over defendant's car and directed him to roll down his windows, the officer noticed a strong smell of marijuana coming from the vehicle. Defendant acknowledged that marijuana may have been recently smoked in the car. The officer then observed what appeared to be the cylinder of a revolver in the cup holder, so he told defendant to step out of the car. When the officer examined the object, it turned out to be a marijuana grinder containing marijuana residue. The strong odor of marijuana provided probable cause to search the interior of the vehicle, and the search of the cup holder, followed by the closed center console, did not exceed the proper scope of a search under these circumstances (see People v Singleton, 139 AD3d 208, 215 [1st Dept 2016]). Accordingly, neither the otherwise unchallenged search warrant later obtained to search the glove compartment and trunk, nor defendant's subsequent statement admitting to the possession of a pistol in the glove compartment was the fruit of any unlawful police conduct.
Although Penal Law § 222.05(3) states that in "any criminal proceeding," including suppression hearings, no finding of probable cause shall be based solely on evidence of the odor of cannabis, that statute does not apply retroactively (see People v Pastrana, 205 AD3d 461, 463 [1st Dept 2022], lv granted 38 NY3d 1135 [2022]). Nor does a pending direct appeal constitute a "criminal proceeding" to which this statute applies (see People v Fabien, 206 AD3d 436, 437 [1st Dept 2022]).
Defendant's claim of ineffective assistance of counsel, based on his trial counsel's failure to move to reopen the suppression hearing based on trial testimony, is unreviewable on direct appeal because it involves matters not reflected in, or fully explained by, the record (see People v Rivera, 71 NY2d 705, 709 [1988]; People v Love, 57 NY2d 998 [1982]). Accordingly, because defendant has not made a CPL 440.10 motion, the merits of this claim may not be addressed on appeal. In the alternative[*2], to the extent the existing record permits review, we find that defendant received effective assistance under the state and federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; Strickland v Washington, 466 US 668 [1984]). Defendant has not shown that counsel's failure to move to reopen the hearing was objectively unreasonable, that such a motion would have been granted, or that a reopened hearing was reasonably likely to have resulted in suppression of any evidence (see People v Carver, 27 NY3d 418, 420-421 [2016]; People v Smickle, 201 AD3d 525, 526 [1st Dept 2022], lv denied 38 NY3d 954 [2022]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 13, 2022