People v Ward (2025 NY Slip Op 00637)

People v Ward

2025 NY Slip Op 00637

Decided on February 04, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 04, 2025

Before: Friedman, J.P., Gesmer, González, Scarpulla, Pitt-Burke, JJ. 

Ind. No. 655/17 Appeal No. 3619 Case No. 2019-04059 

[*1]The People of the State of New York, Respondent,
v
Cisco Ward, Defendant-Appellant.

Caprice R. Jenerson, Office of the Appellate Defender, New York (Sean Nuttall of counsel), and Holwell, Shuster & Goldberg LLP, New York (Elisabeth D. Amanullah of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Lindsey Richards of counsel), for respondent.

Judgment, Supreme Court, Bronx County (David L. Lewis, J.), rendered April 2, 2019, convicting defendant, after a jury trial, of criminal possession of a weapon in the third and fourth degrees, attempted assault in the second degree, and unauthorized use of a vehicle in the third degree, and sentencing him, as a second felony offender, to an aggregate term of 2 to 4 years, unanimously affirmed.
Defendant failed to preserve his claim challenging the court's curative instruction after a witness testified unexpectedly that defendant held a gun to the head of the driver of the minivan (see People v Silva, 204 AD3d 450, 451 [2022], lv denied 38 NY3d 1074 [2022]), and we decline to review it in the interest of justice. In any event, we find that the court providently exercised its discretion in denying counsel's motion for a mistrial based on that testimony, and the court's "prompt curative action" was sufficient to minimize any prejudice from the witness's comment (People v Santiago, 52 NY2d 865, 866 [1981]). Indeed, the jury acquitted defendant of the robbery charges related to the driver of the minivan.
The court also properly denied defendant's motion for a missing witness charge (see People v Savinon, 100 NY2d 192, 197 [2003]). The People demonstrated that the testimony would have been cumulative to the testimony of other witnesses to the shooting, and surveillance video depicting the shooting and defendant's flight from the scene (see People v Gonzalez, 68 NY2d 424, 428 [1986]). In any event, we find that any error was harmless (see People v Crimmins, 36 NY2d 230 [1975]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 4, 2025